[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 11-15075
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2012
JOHN LEY
CLERK

D. C. Docket No. 8:10-cv-00027-EAK-TGW

HARCO NATIONAL INSURANCE COMPANY,

Plaintiff-Appellant

FIRST LEASE, INC.,

Consolidated Plaintiff-
Appellant,

versus

ZURICH AMERICAN INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(June 26, 2012)

Before DUBINA, Chief Judge, JORDAN and FAY, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order granting summary judgment in favor of Zurich American Insurance Company ("Zurich"), holding that Zurich has no duty to defend or indemnify FirstLease, Inc. ("FirstLease").  We review *de novo* a district court's grant of summary judgment.  *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1325 (11th Cir. 2001).  Summary judgment is appropriate when "there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(a).  "A genuine factual issue exists if the jury could return a verdict for the non-moving party."  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

**I.**

Appellant FirstLease was sued in Hillsborough County Circuit Court by Howard Bryant, a truck driver, for personal injuries resulting from an accident on May 13, 2006, while operating a truck for Southeast Independent Delivery Services, Inc. (SEIDS).  Bryant performed delivery services for SEIDS and entered into an independent truckman's agreement ("ITA") with SEIDS as an independent contractor.  Bryant entered into a rental agreement with FirstLease to rent a truck, and his claim against FirstLease was based on negligent maintenance of that truck.  The rental agreement requires Bryant to maintain insurance to

2

protect FirstLease, as owner of the rented vehicle, and himself, as operator of the vehicle, from injuries to third persons. Bryant and SEIDS are insured by Zurich.

Appellant Harco National Insurance Company ("Harco"), an insurer of FirstLease, defended FirstLease pursuant to its insurance policy and settled the case. FirstLease filed a third party claim against SEIDS for contractual indemnity. SEIDS moved for entry of partial summary judgment, and the circuit court determined that the indemnity clause of the rental agreement was unenforceable, since FirstLease sought indemnity for claims arising from its own negligence.

Harco and FirstLease filed a declaratory judgment action in the district court to determine their rights against Zurich as SEIDS's insurer. The parties filed cross-motions for summary judgment and agreed that there were no material facts in dispute. Harco and FirstLease argued that Bryant was an agent of SEIDS and that the Zurich policy covered the rented truck and FirstLease as an additional insured. The court found that Bryant and FirstLease were parties to the rental agreement but that SEIDS was not a party. The court also found that the underlying negligence suit did not involve a shift of liability to FirstLease. The court noted that FirstLease could be an "insured" under the Zurich policy only as "[a]nyone liable for the conduct of an 'insured' described above but only to the extent of that liability." [R. 49 at 38.] The court determined that FirstLease was

not vicariously liable under the policy because Bryant was not a tortfeasor, and thus the statutorily-permitted shift of liability coverage did not apply. Similarly, the court found that Zurich had no duty to indemnify Harco for FirstLease's negligence to Bryant.

## II.

The duty to defend is determined solely by reference to the claimant's complaint, *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 9–10 (Fla. 2004), whereas the duty to indemnify is determined by analyzing the facts of the case, *State Farm Fire & Cas. Co. v. CTC Dev. Corp.*, 720 So. 2d 1072, 1077 n.3 (Fla. 1998). Harco and FirstLease argue that Zurich had a duty to defend and indemnify FirstLease on the underlying action because Bryant was an agent of SEIDS. Although the issue of agency is disputed, it is not a genuine issue of material fact warranting reversal of summary judgment. The allegations in Bryant's complaint do not trigger Zurich's duty to defend FirstLease because the alleged injured party was Bryant, not a third party. As required by the rental agreement, Bryant obtained liability coverage, through Zurich, "for injuries to the property and person, including death, of Third Persons, resulting from the ownership, use, operation, or maintenance of the Vehicle." [Rental Agreement, R.

4

23-7 (Exh. G).] Because Bryant, not a third party, was allegedly injured, and FirstLease was the alleged tortfeasor, Zurich has no duty to defend.

For the same reasons, Zurich has no duty to indemnify Harco for FirstLease's negligence to Bryant. Zurich's duty to indemnify only covers liability for bodily injury to third parties, and Bryant was a party to the ITA and rental agreement, not a third party.

Accordingly, for the aforementioned reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**