[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

―――――――――――

No. 13-14956

―――――――――――

D.C. Docket No. 1:11-cv-24273-WJZ

THAMYRIS CARDELLE, et al.,

                                                   Plaintiffs - Appellants,

versus

MIAMI BEACH FRATERNAL ORDER OF POLICE,
William Nichols Lodge No. 8,
CITY OF MIAMI BEACH FLORIDA,
Miami Dade County,

                                                   Defendants - Appellees.

―――――――――――

Appeal from the United States District Court
for the Southern District of Florida

―――――――――――

(November 25, 2014)

Before ED CARNES, Chief Judge, and RESTANI,[*] Judge, and ROBRENO,[**] District Judge.

―――――――――――

[*] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

[**] Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

PER CURIAM:

This matter comes to the court on appeal from a district court order granting summary judgment to Appellees, Miami Beach Fraternal Order of Police, William Nichols Lodge No. 8 ("FOP"), and City of Miami Beach ("CMB") (collectively "Appellees"), on a claim that Appellees violated the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634, and the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. § 760.10.  In contesting the summary judgment order, Appellants, retired and current CMB police officers, argue that the CMB and the FOP discriminated against them on the basis of age, and that Appellees retaliated against them for conduct protected under the ADEA and FCRA.  The district court held that Appellants waived the majority of their claims against the CMB and failed to establish prima facie cases of discrimination or retaliation against either the CMB or FOP.  After careful review, we affirm the district court's summary judgment award on the basis that the Appellants have not established claims of discrimination or retaliation.[1]

---

[1] The court does not determine whether the waivers would bar Appellants' claims because Appellants are otherwise unable to maintain their age discrimination and retaliation claims.

## BACKGROUND

The Deferred Retirement Option Plan ("DROP") is an incentivized early retirement plan for CMB police officers.[2]  In negotiating the 2009–2012 Collective Bargaining Agreement ("CBA"), the FOP and CMB agreed to extend the maximum DROP benefits period from the then existing 36-month period ("DROP-3") to a new 60-month period ("DROP-5").  When Appellants enrolled in DROP-3,[3] they were classified as "retired" and received their DROP benefits pursuant to the DROP Agreement.  The DROP Agreement included an Irrevocable Letter of Resignation specifying a date by which the particular Appellant agreed to cease working.[4]  When the DROP-5 was created, Appellants were already enrolled in the DROP-3 as retirees and were not allowed to "retire" anew by switching from the DROP-3 to the DROP-5.  The CMB and FOP also agreed to an across-the-board 5% deduction from each officer's gross compensation ("FOP-5") as part of an effort to solve a budgetary shortfall.

Appellants allege that the Appellees discriminated against them by refusing to let them transfer from the DROP-3 to the DROP-5 and by implementing the FOP-5.  Additionally, Appellants complain of a series of alleged affronts,

---

[2] The DROP allows police officers to take retirement status but continue working for a specified amount of time.

[3] All Appellants, with the exception of Garfield Taylor, elected to participate in the DROP-3.

[4] This date was the last day of his or her 36-month DROP period.

including derogatory age-based slurs, that Appellants assert constitutes evidence of discriminatory intent and retaliation for ADEA-protected expression, specifically, their complaints to the United States Equal Employment Opportunity Commission ("EEOC").

## DISCUSSION

The court reviews an order on a motion for summary judgment de novo, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. Nat'l Fire Ins. Co. of Hartford v. Fortune Constr. Co., 320 F.3d 1260, 1267 (11th Cir. 2003). Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A prima facie case of age discrimination based on disparate treatment can be established "by direct evidence of discriminatory intent; by meeting the four-pronged test set out for Title VII cases in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 935 S. Ct. 1817, 36 L. Ed. 2d 668 (1973);[5] or through statistical proof." Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir. 1989). Discrimination based on disparate impact requires a plaintiff to show: "1) there is a significant statistical disparity among members of different [age] groups; 2) there is a specific, facially-

---

[5] The four-pronged test requires the plaintiff to show that he or she was: 1) a member of the protected group; 2) qualified to perform the job; 3) subjected to an adverse employment action; and 4) replaced by or otherwise lost the position to a person with the plaintiff's qualifications. See McDonnell Douglas Corp., 411 U.S. at 802.

4

neutral employment policy or practice; and 3) there is a causal nexus between the specific policy or practice and the statistical disparity."[6]  See Cooper v. S. Co., 390 F.3d 695, 724 (11th Cir. 2004), overruled on other grounds by Ash v. Tyson Foods, Inc., 546 U.S. 454, 457 (2006).

## I.    DROP-5

Appellants fail to establish a disparate treatment claim based on their inability to participate in the DROP-5 under any of the three methods.  First, Appellants offer no statistical evidence of disparate treatment.  Second, Appellants' direct evidence of discriminatory intent is insufficient.  As direct evidence, Appellants offer statements including threats of job loss, age-based slurs by CMB employees and FOP members, a statement by FOP board member Berrian that older employees should "move on," and a specific statement by FOP President Bello indicating that the DROP-5 was designed "to get older people out of [the department] to create more promotional opportunity."  These statements, which are perhaps crass, do not meet our strict direct evidence standard.  See Jones v. Bessemer Carraway Med. Ctr., 151 F.3d 1321, 1323 n.2 (11th Cir. 1998) (delineating "severe limits for the kind of language to be treated as direct evidence of discrimination").

---

[6] Courts employ the same analysis when evaluating age discrimination claims under the ADEA and FCRA.  Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1455 n.2 (11th Cir. 1997).

First, none of these statements were made in the decision-making process creating the DROP-5, and, with the exception of FOP President Bello's statement, the statements were made by nondecisionmakers, incapable of binding the CMB or FOP. See Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring in the judgment) (stating that "statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself," are not direct evidence of improper discrimination); see also Mitchell v. USBI Co., 186 F.3d 1352, 1355 (11th Cir. 1999) (holding that statements by nondecisionmakers do not raise an inference of discrimination). Further, President Bello's statement does not indicate directly that age was a factor in preventing Appellants from transferring from the DROP-3 to the DROP-5, nor does his statement indicate a desire to favor employees who were not enrolled in the DROP-3 over those who were. Whatever the reason for providing incentives to employees to join the DROP-5, it is not that decision-making process that is at issue. There is no direct evidence that the decision not to allow transfer from one program to the other was because of an age bias.

Lastly, Appellants cannot show disparate treatment through circumstantial evidence. Assuming that Appellants have established a prima facie case of discrimination (including an adverse employment action), the evidence on this record cannot sustain their burden of showing that age was the "'but for' cause of

6

the employer's adverse action." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 180 (2009). Appellants were denied access to the DROP-5 not because of their age, but rather because of their pension status. Although age factors into pension status, it is not an impermissible component. See Ky. Ret. Sys. v. EEOC, 554 U.S. 135, 142–43, 147–48 (2008) (holding that discrimination on the basis of pension status is not unlawful, as long as it is not a "proxy for age"); Hazen Paper Co. v. Biggins, 507 U.S. 604, 611–13 (1993). As the district court correctly noted, "[t]he benefits awarded under the original program and the modified program are the result of a complex set of factors negotiated between CMB and FOP, in which age is one factor." Cardelle v. Miami Beach Fraternal Order of Police, No. 1:11-cv-24273-WJZ, Slip Op. at 25 (S.D. Fla. Sept. 30, 2013). As pension status is not being used as a proxy for age, age is not the "but for" reason Appellants were excluded from the DROP-5.

Without statistical proof, disparate impact is not established. See Cooper, 390 F.3d at 724.

Accordingly, Appellants have not established an age discrimination claim based on the DROP-5 under either a disparate treatment or a disparate impact theory, and the district court's summary judgment regarding this claim is affirmed.

7

## II.    FOP-5

Appellants likewise fail to establish a disparate treatment or disparate impact claim based on the FOP-5.  The FOP-5 is driven neither by age nor by pension status; rather, pursuant to the terms of the CBA, all employees pay an equal percentage.  Appellants contend that the 5% deducted from all employees' salaries is facially discriminatory, but offer no direct evidence of disparate treatment.[7]  To claim that the 5% deduction is discriminatory is to misunderstand the nature of proportions; any disparity between Appellants and others is attributable to compensation amount and not age.  See Ky. Ret. Sys., 544 U.S. at 142–43; Hazen Paper, 507 U.S. at 611–13.  In their initial brief, Appellants allege that there is statistical evidence of disparate impact.  The study they cite, however, was untimely submitted and is not part of the record.  Appellants therefore have not established a prima facie case of age discrimination regarding the FOP-5, and the district court's summary judgment on this claim is affirmed.

## III.    Retaliation

The elements necessary to establish a prima facie case of ADEA (and also FCRA)[8] retaliation are: 1) the plaintiff engaged in ADEA protected expression;

---

[7] Although Appellants claim that they have "established direct or circumstantial evidence of discrimination by the [CMB] and FOP," they do not identify what that evidence is.

[8] The elements of retaliation under the FCRA and the ADEA are the same.  See Drago v. Jenne, 453 F.3d 1301, 1307 (11th Cir. 2006).

2) the plaintiff suffered an adverse employment action; and 3) the adverse action was causally related to the protected expression. Drago v. Jenne, 453 F.3d 1301, 1307 (11th Cir. 2006). Appellants assert that their EEOC filings triggered retaliation. Assuming that the EEOC filings were protected expression under the ADEA, and that Appellants suffered adverse employment actions, Appellants have failed to establish causation.

Appellants have failed to causally connect their protected expression to the adverse actions because the majority of the adverse actions occurred before they filed their EEOC complaints in October 2010. To establish causation, "[a]t a minimum, [the employee] must show that the adverse act followed the protected conduct." Griffin v. GTE Fla., Inc., 182 F.3d 1279, 1284 (11th Cir. 1999) (emphasis added). The adverse actions that did occur after the filing of the EEOC complaints occurred in August 2011 and January 2012, which, without more, are too far removed from the EEOC filings to be causally connected. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (holding that an action taken three or four months later without other evidence tending to show causation does not sufficiently establish causation for a retaliation claim). Thus, the district court's summary judgment regarding the retaliation claim is affirmed.

## <u>CONCLUSION</u>

For the forgoing reasons, the judgment of the district court in the CMB and FOP's favor is **AFFIRMED**.