[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10233

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 9, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00193-CV-W-N

CECILIA THOMAS,

Plaintiff-Appellant,

versus

COOPER LIGHTING, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(November 9, 2007)**

Before MARCUS and PRYOR, Circuit Judges, and HANCOCK,* District Judge.

PER CURIAM:

_____

*Honorable James Hughes Hancock, Senior United States District Judge for the Northern District of Alabama, sitting by designation.

Cecilia Thomas appeals the decision of the United States District Court for the Middle District of Alabama dismissing her Title VII retaliation claim on summary judgment. After review and oral argument, we affirm.

## I. Background

Cecilia Thomas worked at Cooper Lighting, Inc. ("Cooper") on a full time basis as an assembler and floater from February 2004 until July 2005 under the supervision of Eddie Cain. On the evening of April 8, 2005, Thomas accused Cain of sexual harassment. On April 11, 2005, Thomas presented the Human Resource Manager of the facility, James Davis, with a written complaint of sexual harassment. That complaint outlined two specific sexually-tinged comments and stated that Cain's communication was "sexually nasty."

Thomas's employment with Cooper was terminated effective July 7, 2005. The reason given by Cooper for the separation was excessive absenteeism consistent with the company's "no fault" Absentee Policy and Procedure.

On March 1, 2006, Thomas commenced this employment discrimination action against Cooper, alleging hostile work environment sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sections 2000e *et seq*. In her October 24, 2006 Response to Defendant's Motion to Compel Discovery of Plaintiff's Health Records and Rule 35 Examination, Thomas

voluntarily dismissed the sexual harassment cause of action, leaving only the retaliation claim. She contends that Cooper retaliated against her by terminating her employment on July 7, 2005.

At the close of discovery, Cooper filed a motion for summary judgment on the remaining claim. The district court granted that motion, finding that Thomas's allegations did not come close to the threshold of a hostile work environment required by Title VII, and therefore Thomas did not have an objectively reasonable belief that the complained-of conduct violated Title VII.

## II. Standard of Review

We review a grant of summary judgment *de novo*. *See Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1357 (11th Cir. 1999). Summary judgment is appropriate when "there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed.2d 265 (1986). A genuine factual dispute exists "if the jury could return a verdict for the non-moving party." *Damon*, 196 F.3d at 1358 (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc)). In examining the record, we view the evidence in the light most favorable to the non-moving party. *See Damon*, 196 F.3d at 1358.

III. Discussion

To establish a prima facie case of retaliation under Title VII, "the plaintiff must show (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events." *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994) (internal citations omitted). The parties hotly contest whether Thomas held an objectively reasonable belief that the complained-of conduct constituted an unlawful employment practice and thus, necessarily, whether Thomas established the first element of her prima facie case for the retaliation claim. *See Berman v. Orkin Exterminating Co., Inc.*, 160 F.3d 697, 702 (11th Cir. 1998) ("In order to state a retaliation claim, the plaintiff need only show that he had a 'reasonable belief' that an unlawful employment practice was occurring, and is not required to show that the employer actually engaged in an unlawful employment practice."); *see also Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1187 (11th Cir. 2001) (explaining that the plaintiff is required to show that a "good faith, reasonable belief" of harassment led her to report the conduct). However, this court need not decide whether Thomas held such a "good faith, reasonable belief" because the record reveals that Thomas has failed to produce evidence from which a reasonable jury could find a causal connection between the April 8 and 11, 2005 complaints and the

4

July 7, 2005 termination. The causation issue was expressly raised in Cooper's

Memorandum of Law in Support of Defendant's Motion for Summary Judgment, and

the parties had the opportunity to thoroughly brief this issue. We may affirm the

district court's judgment on any ground that appears in the record, whether or not that

ground was relied upon or even considered by the court below. *See Powers v. United

States*, 996 F.2d 1121, 1123-24 (11th Cir. 1993).

The burden of causation can be met by showing close temporal proximity

between the statutorily protected activity and the adverse employment action. *See

Brungart v. BellSouth Telecomm., Inc.*, 231 F.3d 791, 798-99 (11th Cir. 2000). But

mere temporal proximity, without more, must be "very close." *Clark County Sch.

Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511, 149 L. Ed.2d 509 (2001)

(internal citations omitted). A three to four month disparity between the statutorily

protected expression and the adverse employment action is not enough. *See id.*

(citing *Richmond v. ONEOK*, 120 F.3d 205, 209 (10th Cir. 1997) (3 month period

insufficient) and *Hughes v. Derwinski*, 967 F.2d 1168, 1174-75 (7th Cir. 1992) (4

month period insufficient)). Thus, in the absence of other evidence tending to show

causation, if there is a substantial delay between the protected expression and the

adverse action, the complaint of retaliation fails as a matter of law. *See Higdon v.

Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (citing *Wascura v. City of South

5

*Miami*, 257 F.3d 1238, 1248 (11th Cir. 2001)).

In opposing summary judgment, Thomas failed to present evidence from which a reasonable jury could find any causal connection between her April 2005 complaint(s) of sexual harassment and the termination of her employment three (3) months later in July 2005. That three (3) month period, without more, does not rise to the level of "very close." *See Clark County Sch. Dist.*, 532 U.S. at 273. Accordingly, we AFFIRM the decision of the district court.