[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14615
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-01065-CV-N

ANN J. CARGO,

Plaintiff-Appellant,

versus

STATE OF ALABAMA,
Board of Pardons and
Parole Division,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 5, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Ann Cargo appeals the district court's grant of summary judgment in favor of Defendant State of Alabama as to her complaint alleging a hostile work environment based on race, sex, and age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. After review, we discern no error and affirm.

Cargo's argument on appeal is unclear. The argument section of her counseled appellate brief consists of: (1) the general legal standards concerning summary judgment and hostile work environment claims, (2) a large block quote containing factual allegations from her EEOC complaint, and (3) a conclusory statement that summary judgment should have been denied because the facts in the block quote were sufficient to create a triable issue if they were viewed in the light most favorable to the plaintiff. Granting her brief a generous reading, it highlights her contention that summary judgment was improperly granted against her on her hostile work environment claim under Title VII to a degree that will we not deem that argument waived. That argument, however, was the only argument clearly raised and any further arguments are deemed abandoned.[1]

---

[1] "[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). In order to properly raise an issue on appeal, the appellant must fully brief that issue in her appellate brief. *Id.* The appellant must devote a discrete portion of

"We review the district court's grant of summary judgment *de novo*, viewing the record and drawing all inferences in favor of the non-moving party." *Fisher v. State Mut. Ins. Co.*, 290 F.3d 1256, 1259-60 (11th Cir. 2002). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007). "There is no genuine issue of material fact if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." *Jones v. Gerwens*, 874 F.2d 1534, 1538 (11th Cir. 1989). "A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of [her] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990) (brackets and internal quotation marks omitted).

Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Although it does not specifically mention harassment,

argumentation to that issue." *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

3

Title VII protects employees from being required "to work in a discriminatorily hostile or abusive environment." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1244 (11th Cir. 1999) (en banc) (internal quotation marks omitted). "A hostile work environment claim under Title VII is established upon proof that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370 (1993)). "This court has repeatedly instructed that a plaintiff wishing to establish a hostile work environment claim show: (1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee . . . ; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *Id.*

In this case, Cargo has failed to establish a genuine issue of material fact as to at least the fourth element – whether any alleged harassment was sufficiently

4

severe or pervasive.[2]  "Establishing that harassing conduct was sufficiently severe or pervasive to alter an employee's terms or conditions of employment includes a subjective and an objective component." *Mendoza*, 195 F.3d at 1246.  "[T]he following four factors . . . should be considered in determining whether harassment objectively altered an employee's terms or conditions of employment: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Id.*  Although Cargo's brief is hardly clear on the point, she appears to point to several specific instances of harassing conduct: an incident wherein Cook allegedly lied to Cargo's supervisor by claiming Cargo changed the office thermostat, an incident wherein Cook planned the going away party of one of Cargo's subordinates, an incident wherein Cargo allegedly had to sit at a secondary table at an office lunch party, an incident wherein Cook complained that Cargo was not assigning vehicles correctly, an incident wherein Cook made an off-color

---

[2]    It is also likely that Cargo has failed to establish a genuine issue of material fact as to the third element – whether any alleged harassment was based on a protected characteristic. In the quotation from her EEOC complaint in her brief, Cargo alleges that Cook targeted her because  she was "the person he had to discredit to get where he wanted to be professionally." That statement and other evidence indicate that any animosity between Cargo and Cook was of a personal nature and was not based on a protected characteristic.  In any event, we need not decide that issue because her failure to create a genuine issue of material fact as to the fourth element is sufficient to decide this case.

comment in front of Cargo for which he apologized later in the day, and an incident wherein Cook initiated disciplinary charges against her for not following proper procedure in disciplining another employee. All four factors point in favor of this conduct not being sufficiently severe or pervasive to support a hostile work environment claim. Five or six incidents over the course of three to four years is hardly frequent conduct. None of these incidents are severe. Instead they have the tenor of petty office squabbles. The only conduct that might be characterized as humiliating was the off-color comment about women made by Cook in front of another man. The comment, however, was in no way profane or derogatory. Moreover, Cook apologized to for the incident later that day. Finally, there is no indication that any of this conduct interfered with Cargo's job performance. The record indicates that she continued to perform successfully in her desired position. Considering the four factors, Cargo has failed to point to evidence creating a genuine issue of material fact as to whether she suffered the severe or pervasive harassment required to support a hostile work environment claim.

Because Cargo failed to establish a genuine issue of material fact as to one of the elements of her claim, the district court did not err in granting summary judgment in favor of the defendant. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.[3]

---

[3]     Appellant's request for oral argument is DENIED.