[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10190
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cv-00063-CDL

MARY P. STINSON,

Plaintiff-Appellant,

versus

PUBLIC SERVICE TELEPHONE COMPANY,
JAMES L. BOND,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 2, 2012)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

This appeal involves claims of race discrimination and retaliation that were brought under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e *et seq.* ("Title VII").

Mary Stinson, an African American, appeals the grant of summary judgment in favor of her former employer, Public Service Telephone Company ("Public Service"). Upon review of the record and the parties' arguments, we conclude that there is no dispute as to any material fact, and Public Service is entitled to judgment as a matter of law. Accordingly, we affirm.

Where, as here, an employee attempts to prove discriminatory intent by circumstantial evidence, the claims are subject to the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817, 1824–25 (1973).[1] The plaintiff has the initial burden to establish a prima facie case of disparate treatment. To establish a prima facie case of disparate treatment, the plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees outside of her class more favorably; and (4) she was qualified to do the job. *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008). If the plaintiff establishes a prima facie case, then the employer must articulate a

---

[1]"The *McDonnell Douglas* scheme for the allocation of burdens and the order of presentation of proof also applies in § 1981 cases involving discriminatory treatment in employment situations." *Turnes v. Amsouth Bank, N.A.*, 36 F.3d 1057, 1060 (11th Cir. 1994).

2

legitimate, nondiscriminatory reason for discharging the employee. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). If the employer meet its burden, then the plaintiff must offer evidence that the alleged reasons for the employer's actions are a pretext for illegal discrimination. *Id.*

"[T]o determine whether employees are similarly situated, we evaluate 'whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways.'" *Burke-Fowler v. Orange Cnty.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (per curiam) (quoting *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999)). The comparator's misconduct must be "nearly identical." *Maniccia*, 171 F.3d at 1368.

Summary judgment was proper on Stinson's disparate treatment claims because she cannot establish that Public Service treated similarly situated employees outside of her class more favorably. Public Service says that it fired Stinson because it believed she falsified bank records. No comparator falsified bank records. Public Service's controller checked all of the customer service representatives' records for the month of January 2008—records created by white and black employees. He investigated any discrepancies he found, and observed that only Stinson had non-matching records. Even though other customer service representatives had used Stinson's password to enter payments into the computer

3

system, Stinson had signed the deposits on the records that did not match. Stinson produced no evidence that she was treated differently then similarly situated white employees, and therefore she cannot make out a prima facie case of race discrimination. Additionally, Public Service's stated reason for the discharge is legitimate and nondiscriminatory, and Stinson has not produced evidence to dispute that the concern about falsified bank records was a pretext for discrimination. We do not find sufficient evidence to create a jury question in her claims of disparate treatment, and summary judgment was proper.

Public Service was also entitled to summary judgment on Stinson's retaliation claim.[2] "A prima facie case of retaliation under Title VII requires the plaintiff to show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). Here, there is no causal connection between the filing of Stinson's complaint with the EEOC and any adverse employment action. According to Stinson, the adverse action occurred when Public Service reported her to the Georgia Bureau of Investigation on October 20,

---

[2]The same substantive analysis applies to claims of retaliation brought under Title VII and § 1981. *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).

2008—six months after Stinson filed her charge of discrimination.[3]  Causation may be inferred by close temporal proximity between a protected activity and the adverse employment action, but under the circumstances, a six month gap is insufficiently proximate to establish causation.  *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam).  Stinson did not present any other evidence of causation.  Therefore, she failed to establish a prima facie case of retaliation under Title VII or § 1981.

    **AFFIRMED**.

---

[3]We do not address Stinson's retaliation claim based on her discharge because she raises this argument for the first time on appeal.  *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).