[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15573
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00394-RS-EMT


GILBERT D. WALKER,

Plaintiff-Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF THE AIR FORCE,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 24, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Gilbert Walker appeals the district court's grant of summary

judgment in favor of defendant Secretary of the U.S. Department of the Air Force

("Air Force"), in his employment discrimination lawsuit alleging retaliation, filed pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16.   Walker argues that the district court erred in holding that he failed to establish a *prima facie* case for retaliation.   He contends that he established a causal connection between his protected activity and the materially adverse actions taken against him, and that the link between these events was not too attenuated.[1]

Evidence before the district court suggested that Walker engaged in protected conduct under the Opposition Clause of the anti-retaliation provision of Title VII, through conversations he had with his supervisor in late 2008, regarding his support of a co-worker's Title VII lawsuit against the Air Force.   In March 2009, Walker was denied a promotion.   Thereafter, according to Walker, Air Force officials continued to retaliate against him.

We review a district court's grant of summary judgment *de novo*.   *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).   Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law.   *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999).   In reviewing orders granting summary judgment, we resolve all reasonable

---

[1] The Air Force argues that the merits of Walker's Opposition Clause argument need not be addressed because Walker did not properly plead this argument in his complaint.  Because Walker's *prima facie* case for retaliation fails, we assume without deciding that he properly pled his Opposition Clause argument.

2

doubts relating to the facts in favor of the non-movant. *Id.* (quoting *Clemons v. Dougherty Co.*, 684 F.2d 1365, 1368-69 (11th Cir. 1982)).

Title VII forbids private employers from discriminating against an employee because that individual "opposed any practice" made unlawful by Title VII (the Opposition Clause) or "made a charge, testified, assisted, or participated in" a Title VII proceeding or investigation (the Participation Clause). *See* 42 U.S.C. § 2000e-3(a); *see also Clover v. Total Sys. Serv., Inc.*, 176 F.3d 1346, 1350 (11th Cir. 1999). Similarly, Title VII protects federal employees from discrimination under certain circumstances. *See* 42 U.S.C. § 2000e–16(a). This provision expanded coverage of Title VII to cover federal employees to the same extent as non-federal employees. *See Llampallas v. Mini–Circuits, Lab, Inc.,* 163 F.3d 1236, 1243 (11th Cir.1998) (citations omitted).

A retaliation claim based on circumstantial evidence is analyzed according to the *McDonnell Douglas*[2] framework. *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1162-63 (11th Cir. 1993). Accordingly, if the plaintiff makes out a *prima facie* case, and the employer proffers a legitimate, nondiscriminatory reason for taking the materially adverse action, the plaintiff must show that proffered reason is pretextual. *See Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009).

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792,  93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

A plaintiff may establish a *prima facie* case of retaliation by presenting evidence showing that (1) he engaged in statutorily protected conduct, (2) the employer took action that would have been materially adverse to a reasonable employee, and (3) there is a causal connection between the protected conduct and the adverse employment action. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57, 126 S.Ct. 2405, 2409, 165 L.Ed.2d 345 (2006).

To demonstrate a causal connection, "a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Shannon v. BellSouth Telecomm., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (internal quotation marks omitted). Causation may be inferred by close temporal proximity between the protected conduct and the materially adverse action taken by the employer. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). We have held, however, that "in the absence of other evidence tending to show causation," a three-to-four month time gap between the protected conduct and the adverse employment action is insufficient to establish causation on its own. *Id.* at 1364; *Brown v. Ala. Dept. of Transp.*, 597 F.3d 1160, 1182 (11th Cir. 2010) (holding that a three month timespan between the protected activity and the adverse action was too long).

4

Based on our review of the record, we find no reversible error. Indeed, we conclude that Walker did not establish a *prima facie* case of retaliation, because he failed to demonstrate a causal connection between any: (i) protected activity; and (ii) materially adverse actions taken against him. Construing the facts in the light most favorable to Walker, there was at least a three month interval between his outspoken comments to his supervisor in late 2008, and the denial of his promotion in March 2009. There was no temporal proximity between these two events, and without any other evidence showing causation or a retaliatory motive, this was insufficient to establish a *prima facie* case. Because Walker could not establish a *prima facie* case for retaliation, we affirm the district court's grant of summary judgment in favor of the Air Force.

**AFFIRMED.** [3]

---

[3] We will not address the district court's alternative finding concerning the existence of pretext because Walker has abandoned this argument on appeal. *Denney v. City of Albany*, 247 F.3d 1172, 1182 (11th Cir. 2001) (finding that issues not briefed on appeal are deemed abandoned).