[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15180
Non-Argument Calendar

_____

Docket No. 1:11-cv-01278-RLV

JEFFREY SIMMONS,

Plaintiff-Appellant,

versus

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA,
A Georgia Southern University,
MICHAEL J. RUSSELL,
Individually and in his official capacity,
ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 24, 2013)

Before HULL, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jeffrey Simmons appeals the district court's grant of summary judgment in favor of his former employer, the Board of Regents of the University System of Georgia ("BOR"), on his Title VII retaliation claim.

Briefly stated, the appeal presents this issue:

Whether the district court erred by granting summary judgment on Simmons's retaliation claim, based on its conclusion that Simmons did not evidence sufficiently that his employer's proffered legitimate nondiscriminatory reasons for Simmons's termination were pretextual.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007). Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The party opposing summary judgment must present more than "[t]he mere existence of a scintilla of evidence in support of [its] position . . . ; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2512 (1986).

2

The district court properly granted summary judgment in favor of the BOR because the record was unable to expose the BOR's proffered legitimate, nondiscriminatory reason for Simmons's termination -- violation of work rules -- as a pretext for retaliation.  Although the investigation that led to his termination did not fully comply with employer-specified investigatory procedures, Simmons did not show that the investigation was conducted differently than other investigations or that the technical deviations -- for example, a failure to record a complainant's interrogation -- were due to a retaliatory motive.  Besides, the record shows that the decision makers had a good faith reason -- honest belief of work rule violations -- for terminating Simmons's employment.  For background, see Rojas v. Florida, 285 F.3d 1339 (11th Cir. 2002).

AFFIRMED.