[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16013

_____

D.C. Docket No. 2:11-cv-000919-JHH

HERMAN JOSEPH ZANN, III,

Plaintiff - Appellee,

versus

DANIEL R. WHIDBY
Deputy,

Defendant - Appellant,

JEFFERSON COUNTY SHERIFF'S DEPARTMENT,
as a person under USC Section 1983,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 16, 2013)

Before CARNES, Chief Judge, TJOFLAT, Circuit Judge, and MARRA,[*] District Judge.

PER CURIAM:

After studying the briefs and the relevant parts of the record, we conclude that the district court's order denying summary judgment is due to be affirmed because viewing the evidence, especially the testimony in his deposition, in the light most favorable to Zann, no reasonable officer could have believed that all of the force applied to him after the first application of the taser was reasonable and not excessive in violation of the Fourth Amendment. See Fils v. City of Aventura, 647 F.3d 1272, 1288–90 (11th Cir. 2011).

We have not overlooked Whidby's argument that the "obvious clarity" exception to qualified immunity was not argued to the district court. We reject that argument for several reasons. First, in his brief to the district court Zann did argue that "the amount of force used against [him] by Defendant Whidby went well beyond anything that could be considered reasonable." That is, essentially, the obvious clarity test applied to this type of claim. Second, in his brief Zann relied in part on Oliver v. Fiorino, 586 F.3d 898 (11th Cir. 2009), which is an obvious clarity case. Third, we will not reverse a district court for applying the proper law and reaching the correct result even though the prevailing party was not as helpful

---

[*] Honorable Kenneth A. Marra, United States District Judge for the Southern District of Florida, sitting by designation.

as it could have been.  See <u>Fils</u>, 647 F.3d at 1285 ("A district court may look at all the evidence in the record to determine whether issues of material fact exist regarding the plaintiff's asserted causes of action."); see also <u>Thomas v. Cooper Lighting, Inc.</u>, 506 F.3d 1361, 1364 (11th Cir. 2007) ("We may affirm the district court's judgment on any ground that appears in the record whether or not that ground was relied upon or even considered by the court below.").  Our review, after all, is <u>de novo</u>, so Whidby had a full and fair opportunity to put forward his argument about why the facts of this case do not fall squarely within the obvious clarity exception, and we have found those arguments to be obviously unpersuasive.

**AFFIRMED.**[1]

---

[1] This case was originally scheduled for oral argument but was removed from the oral argument calendar under 11th Cir. R. 34-3(f).

3