[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10093
Non-Argument Calendar
_____

Docket No. 7:11-cv-00144-HL

THEODORE WILLIAMS,

Plaintiff-Appellant,

versus

CLEAVER-BROOKS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 5, 2013)

Before TJOFLAT, PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Theodore Williams appeals from the district court's grant of summary judgment in favor of his employer, Cleaver-Brooks, on his race discrimination and retaliation claims, which were both brought under Title VII and 42 U.S.C. § 1981.

The case relied mainly on a cat's paw theory: that plaintiff's supervisor manipulated the ultimate decision maker. The district court properly granted summary judgment on Williams's race discrimination claim because he failed to show either direct evidence of intentional discrimination or a convincing mosaic of circumstantial evidence that would allow a jury to infer discrimination. The evidence in this case was insufficient to allow a finding that the decision maker was not really independent, but was just a cat's paw. For background, see *Crawford v. Carroll*, 529 F.3d 961, 979 n.21 (11th Cir. 2008) (history of decision maker acting contrary to subordinate recommendations).

On Williams's retaliation claim, we will assume the district court erred in partially disregarding Williams's affidavit under the sham affidavit theory.[*] Even upon consideration of this affidavit, Williams failed to establish a retaliation claim because Cleaver-Brooks provided a legitimate, non-retaliatory reason (acts the employer saw as policy violations) for his termination, which Williams failed to

---

[*] This Court "may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the [district court]." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)

rebut. *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008) (burden is on plaintiff to show that the employer's proffered reasons were pretext for prohibited, retaliatory conduct).

"An employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Silvera v. Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1262 (11th Cir. 2001).

AFFIRMED.