[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14931
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-01778-VEH


RYAN D. BURCH,

Plaintiff-Appellant,

versus

COCA-COLA BOTTLING COMPANY UNITED, INC,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 29, 2015)

Before WILSON, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Ryan Burch appeals from the district court's grant of summary judgment in favor of his former employer, Coca-Cola Bottling Company United, Inc. (Coke United), in his employment retaliation suit under Title VII, 42 U.S.C. § 2000e-3, and 42 U.S.C. § 1981.[1]  On appeal, Burch avers that he established a prima facie case of retaliation with regard to his suspension and his subsequent termination, and that Coke United's reasons for his suspension and termination were pretext. After conducting a de novo review of the record in this case and considering the briefs of the parties, we affirm the district court.  *See, e.g.*, *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007) (per curiam) (noting that our review of a grant of summary judgment is de novo and that summary judgment is properly entered where no genuine issue of material fact exists).

To establish a prima facie case of retaliation, a plaintiff must show that he engaged in a statutorily protected activity, suffered a materially adverse employment action, and a causal connection between the protected activity and the adverse action exists.  *See id.*  Here, the evidence does not sufficiently establish the requisite causal connection.  The record does not support Burch's contention that the decision-makers were aware of any prior complaint of racial discrimination at the time they suspended Burch.  Absent any evidence that the employees who

---

[1] In his initial suit, Burch raised retaliation and racial discrimination claims under Title VII and § 1981, as well as a state law claim for negligent hiring, which were all disposed of via summary judgment.  However, Burch only challenges the resolution of the retaliation claims; thus, all other arguments are deemed abandoned on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004); *see also* Fed. R. App. P. 28(a)(5).

made the decision to suspend Burch knew that Burch had made allegations of racial discrimination, a reasonable jury could not find that the decision to suspend Burch was in retaliation for those allegations. *See Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) (causal connection element requires plaintiff to demonstrate that the relevant decision-maker "was aware of the protected conduct at the time of the adverse employment action").

Further, Burch failed to establish a causal connection between his termination in October 2010 and his filing of an EEOC complaint in 2007, followed by a lawsuit in 2009, against a different former employer, or his complaint of racial discrimination to Coke United's human resources in February 2010. The time period between these protected activities and his termination is simply too protracted. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) ("If there is a substantial delay between the protected [activity] and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law."); *see also id.* (citing cases in which a three to four month disparity was insufficient to show the causal connection). Thus, Burch did not establish a prima facie case of retaliation with regard to his suspension or his termination.

Moreover, even if Burch had established a prima facie retaliation case, he failed to establish that Coke United's legitimate, non-discriminatory reasons for his

suspension and termination were false; instead, he simply quarrels with the reasoning and offers explanations for his conduct, which does not establish pretext. *See Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc). Indeed, none of the evidence demonstrates that Coke United did not in good faith believe that Burch's conduct warranted discipline.  Therefore, Burch did not establish that the articulated reasons for his suspension or termination were pretext. *See, e.g.*, *E.E.O.C. v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1176–77 (11th Cir. 2000) (explaining that the inquiry is whether the employer in good faith believed the employee had engaged in misconduct and whether this belief was the basis for the adverse action).  Accordingly, the district court properly granted summary judgment on Burch's retaliation claims.[2]

**AFFIRMED.**

---

[2] Burch also (1) invites us to adopt the Second Circuit's "general corporate knowledge" standard for determining whether the decision-maker is aware of the protected conduct at the time of the adverse action and (2) argues that the district court abused its discretion by failing to consider some of his objections to the magistrate judge's report and recommendation.  However, this court requires actual knowledge on the part of the decision-maker, *see Brungart*, 231 F.3d at 800 (rejecting implied or imputed corporate knowledge), and, as for the second argument, Burch fails to explain how the district court erred, to identify which objections he is referencing, or to develop this argument at all.  We conclude these arguments are without merit and warrant no further discussion.