[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10583
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-03110-JSM-TGW

BYRON STEVEN WILLIS,

Plaintiff-Appellant,

versus

PUBLIX SUPER MARKETS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 25, 2015)

Before TJOFLAT, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Byron Willis, an African-American male, was employed by Publix Super Markets, Inc. ("Publix") from 1996 until August 17, 2012,[1] when Publix discharged him for dishonesty.  Proceeding *pro* se, he brought this action against Publix under Title VII, 42 U.S.C. §§ 2000e-2, 2000e-3, and 42 U.S.C. § 1981, claiming that Publix discharged him because of his race and in retaliation for complaining in the past about being passed over for promotional opportunities and inadequate training.  The District Court concluded that Willis failed to establish *prima facie* that he was discharged due to his race or in retaliation for engaging in protected activity and granted Publix summary judgment.  Willis, now represented by counsel, appeals, arguing that he established a *prima facie* case of discrimination and retaliation.  We affirm.

We review a district court's grant of summary judgment *de novo*.  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007) (per curiam).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Title VII forbids employment discrimination against any person based on that individual's race.  42 U.S.C. § 2000e-2(a).  Similarly, § 1981 provides that

---

[1] Willis was hired as a full-time Damage Return Line Wrapper at Publix's Lakeland Return Center.  In June 2009, he was transferred to Publix's High Velocity Warehouse as a Warehouse Worker, a position he occupied immediately prior to his discharge.

"[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  The essential elements of a section 1981 and Title VII employment discrimination claim are the same and are analyzed using the same framework.  *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998).

If, as here, the plaintiff has to rely on circumstantial evidence rather than direct evidence to prove his allegations, to make out a *prima facie* case of discrimination he must show that:  (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) the employer treated similarly situated employees who are not members of the plaintiff's class more favorably; and (4) he was qualified for the job or benefit at issue.  *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 842–43 (11th Cir. 2000).

To make a comparison of the plaintiff's treatment to that of non-minority employees, the plaintiff must show that the comparator "employees are similarly situated in all relevant respects" to the plaintiff.  *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003) (per curiam) (quotation marks omitted) (quoting *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)).  "In determining whether employees are similarly situated . . . it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways."  *Id.*  "If a plaintiff fails to show the existence of a

3

similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1092 (11th Cir. 2004) (quotation marks omitted) (quoting *Holifield*, 115 F.3d at 1562).

Willis failed to show that he was treated less favorably than similarly situated employees outside his protected class.  The employees he offered for comparison were not similarly situated because, unlike Willis, they had not been found to have violated Publix's dishonesty policy.  Accordingly, they were not proper comparators, *Knight*, 330 F.3d at 1316, and summary judgment was properly granted.

Willis also argues that he established *prima facie* a claim of retaliation.  The anti-retaliation provision of Title VII forbids an employer from retaliating against an employee because he has opposed "an unlawful employment practice."  42 U.S.C. § 2000e-3(a).  Retaliation claims are also cognizable under 42 U.S.C. § 1981.  *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 452–57, 128 S. Ct. 1951, 1958–61, 170 L. Ed. 2d 864 (2008).  Section 1981 and Title VII retaliation claims are also analyzed under the same framework.  *Standard*, 161 F.3d at 1328.

In order to prove retaliation *prima facie*, a plaintiff must show that:  (1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse employment action; and (3) there is a causal connection between the protected

activity and the materially adverse action.  *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010).

To establish the causal connection element, the plaintiff must demonstrate that "the decision maker was aware of the protected conduct at the time of the adverse employment action."  *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000).  Further, "if there is a substantial delay between the protected [activity] and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law."  *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004).

Willis's complaint failed to allege that his complaints to management were based on an unlawful employment practice, such as discrimination.  He therefore failed to establish that he engaged in a statutorily protected activity.  *See* 42 U.S.C. § 2000e-3(a).  Nevertheless, even assuming that he engaged in a protected activity, he failed to establish a causal connection between the protected activity and his termination because he did not show that any of the decision-makers were aware of the protected conduct at the time of his termination.  *Brungart*, 231 F.3d at 799.

AFFIRMED.

5