[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14802
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-80284-DMM


BLAIRE STANLEY,

Plaintiff-Appellant,

versus

KANSAS COUNSELORS OF KANSAS CITY,
UNKNOWN OTHERS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 21, 2016)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Blaire Stanley, proceeding *pro se*, appeals the district court's order granting summary judgment in favor of defendant Kansas Counselors of Kansas City, Inc. (Kansas Counselors) in a civil action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA), the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001, *et seq.* (FDCP), the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 (FCCPA).  Stanley argues the district court erred in the following ways:  (1) failing to strike the affidavit of Steve Tomac as hearsay and for lack of personal knowledge; (2) granting summary judgment on Stanley's §§ 1692e(2), 1692e(5), and 1692f(1) claims based on the bona fide error defense, which Kansas Counselors had not argued; and (3) failing to require Kansas Counselors to provide an original contract or assignment demonstrating the existence of the debt and Kansas Counselors' right to collect the debt.  After review,[1] we affirm.

The district court did not abuse its discretion in considering Tomac's affidavit.  The affidavit was based upon Tomac's personal knowledge and upon his review of Kansas Counselors' business records.  The affidavit states that Tomac is

---

[1] We review for abuse of discretion a district court's evidentiary rulings at the summary judgment stage.  *Wright v. Farouk Systems, Inc.*, 701 F.3d 907, 910 (11th Cir. 2012).  We review *de novo* an order granting summary judgment, viewing the evidence and factual inferences in the light most favorable to the nonmoving party.  *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1060 (11th Cir. 1994).

2

Director of Compliance at Kansas Counselors and that he personally sought and reviewed Kansas Counselors' business records pertinent to this action. When Tomac's affidavit describes the content of a document, the affidavit identifies and attaches the document. *See Eli Lilly & Co. v. Air Exp. Int'l USA, Inc.*, 615 F.3d 1305, 1317 (11th Cir. 2010) (finding no abuse of discretion in the district court's considering an affidavit that describes and attaches business records); Fed. R. Evid. 803(6). Tomac's affidavit was based on personal knowledge, set out facts that would be admissible in evidence, and demonstrated Tomac's competence to testify as to the matters described therein. *See* Fed. R. Civ. P. 56(c)(4). Therefore, the district court did not abuse its discretion.

The district court relied upon an erroneous basis in granting summary judgment on Stanley's §§ 1692e(2), 1692e(5), and 1692f(1) claims, but summary judgment was nevertheless appropriate. Kansas Counselors did not argue the bona fide error defense in its motion, and the district court did not provide Stanley with notice of or an opportunity to respond to that basis for summary judgment. The district court therefore erred in granting summary judgment based on bona fide error. *See* Fed. R. Civ. P. 56(f). Despite the error, the Court may affirm the judgment on any ground that appears in the record. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). We affirm based on the absence of a genuine issue of material fact regarding the existence or amount of the debts.

Stanley argues that Kansas Counselors violated §§ 1692e(2), 1692e(5), and 1692f(1) by falsely representing the existence and the amount of debt that Stanley owed in order to collect those amounts.  Tomac's affidavit, however, identifies documents supporting the existence of the debts and the amount of indebtedness and avers that Kansas Counselors was never notified that the debts had been paid or extinguished.  In her counter-affidavit, Stanley disputes the sufficiency of Tomac's affidavit, avers that she "is not obligated to pay neither [the original creditors] nor Kansas Counselors and has no business relations with either of the . . . entities," and relies upon a misreading of a document attached to Tomac's affidavit.[2]  Other than Stanley's own conclusory and self-serving allegations that she did not owe the amount that Kansas Counselors was attempting to collect, there is no evidence that Kansas Counselors used any false, deceptive, or misleading representation about the amount of the debt, threatened to take illegal action, or attempted to collect any amount that was not authorized.  *See* 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692(f)(1).  Accordingly, summary judgment was proper as to Stanley's §§ 1692e(2), 1692e(5), and 1692f(1) claims.

Finally, the district court did not err by not requiring Kansas Counselors to produce an original contract or assignment.  Stanley fails to identify a sound legal

---

[2] Stanley argues that one of her creditors' statements showing a $0 balance indicates the nonexistence of the debt.  This argument fails because the statement also includes two line items showing the existence of the debt (two unpaid deductibles for medical services received) and two line items showing that the creditor internally allocated the debt to "COLLECTIONS," thus leaving a $0 balance from the creditor's perspective.

4

basis for her conclusion that a debt collector must verify its or the debtor's relationship with the underlying creditor in the form of a written original contract or assignment.  Tomac's affidavit and the documents attached thereto sufficiently identify the source of the underlying debt—medical bills incurred—and of Kansas Counselors' right to collect the debt—a referral from Stanley's original creditors. Therefore, the district court had adequate, uncontradicted summary judgment evidence demonstrating the absence of a genuine issue of material fact as to the existence of and Kansas Counselors' right to collect the underlying debt.

**AFFIRMED.**