[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-14178
Non-Argument Calendar

————————————————

D.C. Docket No. 8:16-cv-00912-JSM-JSS

DEE RUSSELL,

Plaintiff-Appellant,

versus

CITY OF TAMPA, FLORIDA,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(June 8, 2018)

Before MARCUS, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Dee Russell appeals the district court's grant of summary judgment in favor of the City of Tampa, his former employer, in his employment discrimination suit alleging unlawful retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203, and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.10(7).   Russell contends that he was terminated in retaliation for subpoenaing and deposing the City's Director of Solid Waste in the course of an earlier ADA suit against the City.  The City maintains that it terminated Russell for lying in violation of City policy.  On appeal, Russell argues that the district court erred in finding, under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), that he had not established that the City's legitimate, non-retaliatory reason for firing him was pretextual.[1]  The facts are known the parties and counsel; we will not repeat them here.  After careful review, we affirm.

We review a district court's grant of summary judgment *de novo*.  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether the movant has met this burden, we view the

---

[1] Russell also asserts, for the first time on appeal, that the district court should have applied the "convincing mosaic" approach from *Smith v. Lockheed-Martin*, 644 F.3d 1321 (11th Cir. 2011), when assessing whether he met his burden against the City's summary judgment motion.  We decline to address this argument because he failed to raise it before the district court. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

2

evidence and all factual inferences in the light most favorable to the non-moving party. *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999).

Retaliation claims under both the ADA and FCRA follow the analysis under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a). *See Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1389-90 (11th Cir. 1998) (applying Title VII analysis to an FCRA retaliation claim); *see also Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997) (applying Title VII elements in an ADA retaliation claim). Title VII protects an employee against retaliation by her employer on the ground that the employee has (1) opposed any practice prohibited by Title VII, or (2) made a charge of unlawful employment practice or participated in any investigation or proceeding under Title VII. *See* 42 U.S.C. § 2000e-3(a); *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000). A *prima facie* case of retaliation under Title VII requires the plaintiff to show (1) that he engaged in a protected activity; (2) that he suffered an adverse employment action; and (3) that there was a causal relation between the two events. *Thomas*, 506 F.3d at 1363.

Where it rests solely on circumstantial evidence, courts may assess a retaliation claim according to the burden-shifting framework in *McDonnell Douglas*. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010) (*en banc*). Under this standard, once a *prima facie* retaliation case is established,

3

the defendant bears the burden of producing a legitimate, non-discriminatory reason for the adverse employment action. *Id.* If a legitimate reason is produced, then the plaintiff must show that this reason is a pretext for retaliation. *Id.* at 1181–82.

For the employer's reason to be a pretext for retaliation, the plaintiff must show "*both* that the [stated] reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993). Conclusory allegations, "without more, are not sufficient to raise an inference of pretext." *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1313 (11th Cir. 2016) (internal quotations omitted). Instead, a plaintiff must produce evidence that reveals "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Id.* (internal quotations omitted). The plaintiff must meet the employer's reason "head on and rebut it." *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*).

Here, the district court did not err in granting summary judgment to the City. The district court assumed *arguendo* that Russell had met the elements of a *prima facie* retaliation case, and we will do the same. But even so, Russell has not shown that the City's reason for firing him was false and that the real reason was retaliation. *See St. Mary's Honor Ctr.*, 509 U.S. at 515. As an initial matter,

4

Russell failed to sufficiently dispute—or rebut "head-on"—the City's proffered reason for firing him. *See Chapman*, 229 F.3d at 1030. But even assuming Russell had sufficiently disputed falsity, he failed to establish that the real reason for his termination was retaliation for deposing the Director. Russell presented only conclusory allegations that being deposed upset the Director based on his poor body language and facial expressions while being deposed. Russell did not contradict or show sufficient implausibilities in the City's proffered explanation for terminating his employment to show that he was actually terminated because of retaliation. *See St. Mary's Honor Ctr.*, 509 U.S. at 515; *Furcron*, 843 F.3d at 1313. And his conclusory allegations, without more, are insufficient to establish pretext. *See Furcron*, 843 F.3d at 1313. Accordingly, we affirm.

**AFFIRMED.**