[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12716
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-81638-DMM

DANIEL JACOBSON,

Plaintiff - Appellant,

versus

CITY OF WEST PALM BEACH,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 12, 2018)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Daniel Jacobson appeals the district court's grant of summary judgment in favor of the City of West Palm Beach. The district court concluded that Mr. Jacobson's discrimination and retaliation claims failed because, although he established prima facie cases for both claims, he did not present sufficient evidence for either claim to show that the City's legitimate non-discriminatory reason for terminating him was pretext. We affirm.

## I

Mr. Jacobson began working as a firefighter for the City of West Palm Beach on June 12, 2006. Mr. Jacobson intermittently suffers from stress, anxiety, and depression, for which he chose to self-medicate with marijuana between 1999 and 2012; however, he never used marijuana while on duty.

On July 9, 2012, Mr. Jacobson self-reported to Assistant Chief Mitch Bomford his use of marijuana to address his anxiety and stress. As a result, Mr. Jacobson was referred by Chief Carlos Cabrera to a mandatory Employee Assistance Program that required Mr. Jacobson to attend six therapy sessions, with the goal of becoming "Drug Free." D.E. 59-3. The City's EAP provider, Resources for Living, referred Mr. Jacobson to therapist Anette Badchkam for these sessions.

On August 10, before having completed the six sessions, Mr. Jacobson filed an internal Equal Employment Opportunity report against Captain Michael Curry. Mr. Jacobson complained that Captain Curry had made disparaging comments

2

about him, and had revealed to others in the department that he was in an EAP, information to which Captain Curry should not have been privy.

On either August 14 or August 24, a mediation session was held between Mr. Jacobson, Assistant Chief Bomford, and Chief Cabrera regarding the EEO report. The parties dispute whether Mr. Jacobson told Assistant Chief Bomford and Chief Cabrera that the matter was resolved, or whether Chief Cabrera threatened Mr. Jacobson with negative consequences if the EEO report proceeded. All parties agree, though, that Mr. Jacobson retracted his EEO report following the mediation session.

Meanwhile, Mr. Jacobson attended his therapy sessions with Ms. Badchkam. On August 22, however, after having successfully attended four sessions, Mr. Jacobson missed his fifth session due to oversleeping. As a result, Laura Ouellette, the Resources for Living case manager assigned to Mr. Jacobson, reported to the City, via a faxed letter, that Mr. Jacobson was "out of compliance" with the EAP. D.E. 59-18 at 3. The letter states: "Your decision to return this employee to work is ultimately a business decision which is within the scope of your organization's policies and procedures." *Id.* Chief Cabrera testified that it was his belief that the City's policies required Mr. Jacobson's termination because of his noncompliance with the EAP, based on the language in the Collective Bargaining Agreement that

3

"[f]ailure to comply with the prescribed treatment program will result in termination of employment." D.E. 59-23 at 29.

On either August 30 of August 31, 2012, Chief Cabrera met with Mr. Jacobson with the intention of terminating him. The parties disagree as to whether Mr. Jacobson resigned voluntarily or was told that he would be terminated if he did not resign. They agree, however, that Mr. Jacobson separated from the City on either August 30 or August 31, 2012.

On August 29, 2016, Mr. Jacobson filed suit against the City. He claimed that the City had unlawfully discriminated against him in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 791(g) *et seq.*, by firing him because of his depression and anxiety. Mr. Jacobson also claimed that the City unlawfully retaliated against him, in violation of the ADA and the RA, by firing him for having made the EEO complaint against Captain Curry. Following discovery, the City moved for summary judgment. The district court granted summary judgment for the City on all claims, on the basis that Mr. Jacobson was unable to rebut the City's legitimate non-discriminatory reason for terminating him.

## II

We review *de novo* a district court's grant of summary judgment. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007). We view

the evidence, and draw all reasonable inferences, in the light most favorable to the nonmoving party. *See Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See id.*; Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bowen v. Manheim Remarketing, Inc.*, 882 F.3d 1358, 1362 (11th Cir. 2018) (quotations omitted).

## III

On appeal, Mr. Jacobson argues that he produced direct evidence of unlawful discrimination and retaliation. We, however, agree with the district court that all of Mr. Jacobson's evidence was circumstantial, not direct. *See* D.E. 91 at 7 n.8, 14-15. Thus, we proceed on that basis.

For discrimination and retaliation claims based upon circumstantial evidence, we apply a burden-shifting framework. *See McDonnell-Douglas v. Green*, 411 U.S. 792, 802-06 (1973). For both types of claims, a plaintiff must put forth "a prima facie case, which establishes a presumption of discrimination [or retaliation]." *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). *See also Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). Although the elements of the prima facie cases

differ for the two claims, we need not discuss them here, because we agree with the district court that Mr. Jacobson successfully established such cases for both claims.

Once the plaintiff proves his prima facie case for discrimination or retaliation, the burden then shifts to the employer to "articulate a legitimate, non-discriminatory reason for [the] termination." *Cleveland*, 369 F.3d at 1193. *See also Bigge v. Albertsons, Inc.*, 894 F.2d 1497, 1501 (11th Cir. 1990). In articulating its legitimate non-discriminatory reasons, the defendant has the burden of production, but not of persuasion. *See id.*; *Cleveland*, 369 F.3d at 1193. If the employer satisfies this burden, then the plaintiff bears the burden of showing that the employer's articulated reasons constitute a pretext for unlawful discrimination or retaliation so as to create an issue for the jury. *See Cleveland*, 369 F.3d at 1193; *Stewart*, 117 F.3d at 1287.

The district court determined that Mr. Jacobson successfully asserted prima facie cases for his discrimination and retaliation claims. It nevertheless concluded that the City had presented a legitimate non-discriminatory reason for firing Mr. Jacobson, a reason which Mr. Jacobson had failed to show was pretext for unlawful discrimination. The district court thoroughly analyzed, but rejected, six different arguments presented by Mr. Jacobson as to pretext.

On appeal, Mr. Jacobson argues that the district court erred in ruling that he failed to create a jury issue as to pretext. Mr. Jacobson asserts that it is not his

6

burden to *prove* pretext at summary judgment, but merely to show a genuine issue of material fact as to whether the City's reason was pretext. We agree, but creating a genuine issue of material fact means providing enough evidence "such that a reasonable jury could return a verdict" for him. *Bowen*, 882 F.3d at 1362. In this context, that means showing that he would "be able to establish at trial that the [City's] proffered non-discriminatory reasons are a pretextual ruse designed to mask retaliation [or discrimination]." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999). "To show pretext, the evidence produced must reveal such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1313 (11th Cir. 2016). We agree with the district court that Mr. Jacobson failed to meet these standards.

As the district court explained, the undisputed facts show that Mr. Jacobson was referred to a mandatory EAP which required the completion of six therapy sessions; he missed one of the sessions; the therapist reported his missed session to the EAP case manager; the EAP case manager reported to the City's Human Resources department that, based on this missed session, Mr. Jacobson was out of compliance with the EAP; the HR department relayed to Chief Cabrera that Mr. Jacobson was out of compliance with the EAP; the CBA states that failure to

comply with an EAP "will result" in termination of employment; and Chief Cabrera believed, based on the CBA, that such noncompliance with the EAP required Mr. Jacobson's termination.

Mr. Jacobson failed to reveal any "weaknesses, implausibilities, inconsistencies, incoherencies or contradictions" in this legitimate non-discriminatory reason such that a jury could determine that it was "unworthy of credence." *Furcron*, 843 F.3d at 1313. Whether Mr. Jacobson actually failed to comply with the EAP, or had a legitimate reason for non-compliance, is not determinative. "[E]ven if a [ ] claimant did not in fact commit the violation with which he is charged, an employer successfully rebuts any prima facie case [ ] by showing that it honestly believed the employee committed the violation." *Jones v. Gerwens*, 874 F.2d 1534, 1540 (11th Cir. 1989).

Nor does it matter whether the City acted reasonably or wisely in firing Mr. Jacobson, or whether it verified that Mr. Jacobson was actually noncompliant with the EAP. "[E]mployers are free to fire their employees for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Flowers v. Troup Cty., Ga., Sch. Dist.*, 803 F.3d 1327, 1338 (11th Cir. 2015).

A deviation from normal procedures or a failure to provide reasonable accommodations may be suggestive of pretext. But we agree with the district court

8

that Mr. Jacobson failed to provide any evidence of such a deviation, or that he requested and was denied accommodations for making up the missed session. *See* D.E. 91 at 11-13.

Thus, we conclude, as did the district court, that Mr. Jacobson failed to present sufficient evidence to allow a jury to find that the City's legitimate non-discriminatory reason for terminating him was pretext.

## IV

The district court did not err in granting summary judgment to the City of West Palm Beach. Its judgment is therefore affirmed.

**AFFIRMED.**