[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12282
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20984-JLK


FRANK I. SINGLETON,

                                                              Plaintiff-Appellant,

versus

THE PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY,

                                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 2, 2018)


Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Dr. Frank Singleton appeals the district court's grant of summary judgment in favor of his former employer, the Public Health Trust of Miami-Dade County (PHT), on his claims for disability discrimination and retaliation under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112 and 12203.  Singleton argues there were genuine issues of material fact on his discrimination and retaliation claims, which we discuss in turn.  After review,[1] we affirm.

## I.  DISCUSSION

### A.  Discrimination

Singleton first argues the district court erred by concluding he failed to establish a prima facie case of discrimination under the ADA.  *See* 42 U.S.C. § 12112 ("No covered entity shall discriminate against a qualified individual on the basis of disability . . . ."); *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004) ("To establish a prima facie case of ADA discrimination, [the plaintiff] had to show (1) a disability, (2) that she was otherwise qualified to perform the job, and (3) that she was discriminated against based upon the disability.").  Specifically, he contends there are factual issues as to both whether he was a "qualified individual" under the meaning of the ADA and whether he was discriminated against because of his disability.

---

[1] We review *de novo* a district court's grant of summary judgment, viewing all evidence and drawing all reasonable inferences in favor of the nonmoving party.  *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc).  Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *Id.*; Fed. R. Civ. P. 56(a).

As the district court correctly determined, meeting minimum productivity requirements—which were measured by the number of patients treated each day—was an essential function of Singleton's job as an attending physician. This was true both at the Jackson Memorial Hospital Hematology/Oncology Clinic (Jackson Memorial) and the Jefferson Reaves Senior Health Center (Jefferson Reaves). The undisputed facts further establish that, despite receiving reasonable accommodations, Singleton was unable to meet his productivity requirements at Jackson Memorial. In addition, there was no evidence from which a jury could infer he would have been able, provided similar accommodations, to meet the more demanding productivity requirements at Jefferson Reaves. Thus, with respect to the attending-physician positions at both Jackson Memorial and Jefferson Reaves, Singleton was not a qualified individual within the meaning of the ADA. *See Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1256 (11th Cir. 2007) (defining "qualified individual" as "someone with a disability who, 'with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires'" (quoting 42 U.S.C. § 12111(8))).

He was, however, qualified for his position at the Department of Quality and Patient Safety (which did not involve a significant level of patient treatment). But that position was terminated as part of a reduction in force affecting more than 500 employees. There was no evidence sufficient for a rational jury to determine he

3

was included in the force reduction because of his disability. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1331 (11th Cir. 1998) (noting that a prima facie case requires "production of sufficient evidence from which a rational fact finder could conclude [the] employer intended to discriminate . . . in making the discharge decision"). Thus, Singleton failed to establish a prima facie case of discrimination.

## B.  Retaliation

Singleton next argues the district court erred by concluding there was no causal connection between his protected conduct and an adverse employment action. Specifically, he argues he experienced multiple adverse actions following his transfer to Jefferson Reaves that occurred soon after he requested accommodations and filed his first EEOC charge. This temporal proximity, according to Singleton, was sufficient to establish the causation element of his prima facie case.

To make a prima facie showing of causation, Singleton was required to show: (1) "the decision-maker[s] [were] aware of the protected conduct"; and (2) "the protected activity and the adverse action were not wholly unrelated." *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000) (alteration in original) (quoting *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999)), *abrogated on other grounds as recognized by Crawford v. Carroll*,

4

529 F.3d 961, 973–74 (11th Cir. 2008). We have held that, where a decision-maker becomes aware of protected conduct, a close temporal proximity between the decision-maker's acquisition of that knowledge and an adverse employment action will generally be enough to create a factual issue on the causation element. *Farley*, 197 F.3d at 1337. But where, as here, there is no other evidence tending to show causation, the temporal proximity must be "very close." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)) (concluding a gap of three to four months is not close enough). *But see Farley*, 197 F.3d at 1337 (holding a gap of approximately seven weeks is sufficiently close).

Singleton contends causation may be inferred from the actions taken after his May 2010 request for accommodations at Jefferson Reaves and his June 2010 EEOC charge. Specifically, he suggests the following actions were retaliatory: (1) the increase in his workload from 16 to 20 patients per day; (2) the May 2010 disciplinary-action report (DAR) citing his inability to meet productivity requirements; (3) Dr. Karen Esposito's July 2010 recommendation that he be terminated based on the DAR; (4) his placement on paid administrative leave in August 2010; (5) his transfer to a position in the Department of Quality and Patient Safety in October 2010; and (6) his May 2011 termination. With the exception of the May 2010 DAR, Singleton fails to establish that both the decision-maker

responsible for each alleged adverse action had knowledge of his protected activity and the decision-maker's knowledge was acquired in close temporal proximity to the adverse action.  *See Gupta*, 212 F.3d at 590.

The May 2010 DAR, however, was issued by Singleton's immediate supervisor—Dr. Michael Sheehan—who does not dispute receiving the accommodations request shortly before issuing the DAR.  With respect to that action (and only that action), the evidence was sufficient to satisfy the general rule of temporal proximity.  But the rule of temporal proximity is not absolute. *See, e.g.*, *Fleming v. Boeing Co.*, 120 F.3d 242, 248 (11th Cir. 1997) (holding that a prima facie case of retaliation was not established with respect to a decision to deny permanent employment, despite the decision's temporal proximity with protected conduct, where the record established the plaintiff was not qualified for the position); *Whatley v. Metro. Atlanta Rapid Transit*, 632 F.2d 1325, 1329 (5th Cir. 1980) ("The evidence reveals . . . the dismissal was a culmination of problems growing out of appellant's manner of handling his job . . . .").[2]

Here, not only is there no evidence tending to support Singleton's claim that the DAR was motivated by his accommodations request, the evidence overwhelmingly indicates the DAR resulted from Singleton's inability to keep up

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

with the daily demands of his job.  Given Singleton's record at PHT, which documents both his failure to meet productivity requirements and PHT's efforts to assist him in that regard (before his May 2010 accommodations request), no rational jury could infer retaliatory intent from the mere fact Singleton received another citation for failing to be minimally productive—even if the citation followed shortly after an accommodations request.  Under the unique circumstances of this case, an exception to the general rule of temporal proximity is warranted.  Singleton did not establish a prima facie case of retaliation.

## II.  CONCLUSION

Accordingly, we affirm the district court's grant of summary judgment in favor of PHT.

**AFFIRMED.**