[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15225
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00039-LGW-RSB

LORETTA C. ADIGUN,

Plaintiff - Appellant,

versus

EXPRESS SCRIPTS, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 7, 2018)

Before JORDAN, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Loretta Adigun, proceeding *pro se*, appeals the district court's order granting summary judgment to Express Scripts, Inc. on her claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").  Adigun alleges that Express Scripts discriminated against her by failing to provide a reasonable accommodation for her disability.  After careful review, we affirm.

I.

Adigun began working for Express Scripts, Inc. in September 2012 as a patient care advocate.  On August 23, 2014, Adigun suffered a heart attack as a result of her coronary artery disease.  Following her heart attack, on September 8, 2014, Adigun's cardiologist submitted a Family and Medical Leave Act ("FMLA") Certification of Health Care Provider form to Aon Hewitt, the third-party administrator of Express Script's short term disability plan.  In that form, Adigun's cardiologist stated that Adigun's condition would last indefinitely and that she would need cardiac rehabilitation for 13 weeks.  Adigun was approved for and took FMLA leave until November 14, 2014.

Adigun never returned to work following her heart attack.  She had no contact with any employee of Express Scripts from the day when her heart attack took place until February 25, 2015, when she received a phone call from an Express Scripts employee informing her that she had been terminated for excessive absences.

2

Adigun filed a complaint in federal district court against Express Scripts, alleging that it had violated the ADA by failing to provide her a reasonable accommodation.  Express Scripts moved for summary judgment.  The district court granted the motion, determining that Adigun had failed to show that Express Scripts was her employer and that, in any event, she had failed to establish that she was a qualified individual under the ADA.  This is Adigun's appeal.

## II.

We review the district court's grant of summary judgment *de novo*, applying the same legal standards as the district court.  *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006).  Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court must draw all reasonable inferences in favor of the non-moving party.  *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1326 (11th Cir. 1998).  We may affirm on any ground supported by the record, regardless of whether that ground was relied on or considered below.  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

## III.

The ADA prohibits employers from discriminating against "a qualified individual on the basis of disability in regard to job application procedures, the

hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  To establish a prima facie case of discrimination under the ADA, a plaintiff must show that at the time of the adverse employment action, she (1) had a disability, (2) was a qualified individual, and (3) was subjected to unlawful discrimination because of her disability.  *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255-56 (11th Cir. 2007).

One way a plaintiff may establish the third prong is by showing that her employer failed to provide her with a reasonable accommodation for her disability. *Id.* at 1262.  The ADA requires an employer to accommodate an employee with a known disability unless the accommodation would result in undue hardship to the employer.  *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000).  An employer's duty to provide a reasonable accommodation, however, "is not triggered unless a specific demand for an accommodation has been made."  *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999).  Although this Circuit has not "determined precisely what form [a request for an accommodation] must take," *Holly*, 492 F.3d at 1261 n.14, other circuits have addressed what qualifies as an adequate request.  The Tenth Circuit, for example, has explained that a plaintiff "need not use magic words," but "should provide enough information about his or her limitations and desires [] to suggest at least the

4

possibility that reasonable accommodation may be found in a reassignment job within the company." *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1172 (10th Cir. 1999). Similarly, the Third Circuit has held that a plaintiff making a failure to accommodate claim must have provided "enough information that, under the circumstances, the employer can be fairly said to know of both the disability and desire for an accommodation." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 314 (3d Cir. 1999).

Adigun does not satisfy the third prong of the prima facie case because there is no evidence showing that she ever requested a reasonable accommodation from Express Scripts. Adigun argues that the FMLA Certification of Health Care Provider form should be construed as a request for a reasonable accommodation. Even assuming that statements made in an FMLA form may constitute a request for a reasonable accommodation under the ADA, nothing in the form Adigun's physician submitted could be so construed. The form states that Adigun was referred to a health care provider for cardiac rehabilitation, but that reference does not serve as a reasonable accommodation request because there is no indication that Adigun's need for cardiac rehabilitation—for which she needed and received FMLA leave—would conflict with the demands of her position once she returned to work. In contrast, a reasonable accommodation request is meant to allow an employee to "perform the essential functions of [her] position." *Wood v. Green*,

5

323 F.3d 1209, 1313 (11th Cir. 2003) (internal quotation marks omitted).  Because

nothing in the FMLA form indicated that Adigun was seeking such an

accommodation or that one existed, the form failed to provide Adigun's employer

with "enough information about her . . . limitations and desires" to trigger Express

Script's duty to accommodate her.  *Smith*, 180 F.3d at 1172.

To the extent that Adigun argues the form served as a request for additional

leave, that request was unreasonable because she did not provide a specific date on

which she could return to work.  Although "a leave of absence might be a

reasonable accommodation in some cases," a request for indefinite leave "is

unreasonable if it does not allow someone to perform his or her job duties in the

present or in the immediate future." *Wood*, 323 F.3d at 1314.  The FMLA

Certification of Health Care Provider form stated that Adigun's condition would

last indefinitely.  And as Adigun testified, she never had any contact with her

employer following her heart attack:  thus she could not have otherwise informed

her employer of a date on which she planned to return to work.  Furthermore,

Adigun admitted that as of November 2014, she "had no idea" whether she would

be able to return to work after February 24th—the day on which she was

terminated.  Doc. 73-2 at 42.[1]  *See Duckett v. Dunlop Tire Corp.*, 120 F.3d 1222,

1226 (11th Cir. 1997) (rejecting reasonable accommodation claim where the

---

[1] Citations to "Doc. #" refer to the numbered entries on the district court's docket.

6

"[p]laintiff could not represent that he likely would have been able to work within a month or two . . . and had no way of knowing when his doctor would allow him to return to work in any capacity").  Adigun thus fails to satisfy her burden to show that Express Scripts discriminated against her by failing to provide her a reasonable accommodation.[2]

     **AFFIRMED**.

---

[2] Because we conclude that Adigun never requested a reasonable accommodation, we decline to address the bases on which the district court granted Express Scripts summary judgment, including that Adigun was not a qualified individual under the ADA and that Express Scripts was not Adigun's employer.