[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12639

Non-Argument Calendar

_____

JUAN REYES,

Plaintiff-Appellant,

*versus*

FEDERAL EXPRESS CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cv-00278-WWB-EJK

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Reyes appeals the district court's grant of summary judgment to the Federal Express Corporation (FedEx) on his race discrimination and retaliation claims under the Florida Civil Rights Act of 1992 (FCRA). First, he argues that the district court erred in granting summary judgment to FedEx on his race discrimination claim because he established a prima facie case, and the district court relied on erroneous factual conclusions when he argued that FedEx's proffered reasons for his termination were pretextual. Second, he argues that the district court erred in granting summary judgement to FedEx on his retaliation claim because he established that FedEx's proffered reasons for initiating an investigation and his eventual termination were pretextual. We affirm.

I.

Reyes, who identifies as a "White Hispanic" male, worked for FedEx for about 22 years prior to his termination. At the time of his termination, Reyes operated out of FedEx's airport ramp location in Orlando, Florida, holding the title of Ramp Transport Driver (RTD). Reyes's immediate supervisor was Keith Burns (White), Operations Manager, and Burns reported to Kevin Pigue (Black), Senior Manager, and Pigue reported to Maurice Settles (Black), Managing Director – South Coast District. Jeremy Coleman (White) was the Human Resources Advisor. The racial

makeup of Reyes's workgroup, which Burns supervised, was approximately 60% Hispanic, 30% White, and 10% Black.

FedEx discharged Reyes from his position on February 1, 2016, via a termination letter. The letter stated that Reyes was terminated because an investigation revealed that he falsified his timecard on January 14, 2016, falsified statements about the investigation into the timecard falsification, and rode while unauthorized in a company vehicle with another employee.

At some point in 2015, Reyes was subjected to a harangue of racially insensitive remarks targeting people of Hispanic descent from another RTD, JoAnn McCoy (Black). Specifically, McCoy directed the following offensive insults toward Reyes: "spics," "you guys [are] just always eating your Spanish rice," "boyo," and "Spanish faggot." It is undisputed that McCoy, who worked with Reyes for around six months, was not a supervisor nor managed Reyes in any way. Later that year, on December 28, 2015, Reyes and McCoy had a dispute after McCoy took unwanted pictures of Reyes assisting a coworker, Irelis Santiago. Reyes complained about the unwanted photography to their supervisor, Keith Burns.

In January 2016, an employee alerted Burns that Reyes and Santiago were riding in a FedEx Isuzu truck together, which the employee believed to be unauthorized and suggestive of possible timecard falsification. Burns alerted Pique and Coleman of the matter and launched an investigation. During that process, management verified that, on January 14, 2016, Reyes rode with another employee in a FedEx vehicle without authorization. Following up

from this discovery, FedEx asked Reyes to supply a written statement about the alleged activity; a review of his written statement and timecard revealed discrepancies. FedEx asked Reyes to clarify the discrepancies. FedEx placed him on investigative suspension with pay. After FedEx asked for further clarification, Reyes stated that he did ride unauthorized in the vehicle with another employee, and his accounting of the day left 1 hour and 31 minutes unaccounted for. FedEx determined that his behavior violated "P2-5 Acceptable Conduct Policy," and, thereafter, terminated his employment. Burns issued the termination letter. Although Reyes appealed this termination following the company's process for doing so, FedEx ultimately upheld the discharge. Following this termination, Reyes filed a complaint against FedEx in a Florida state court, raising claims under Florida law for alleged disparate treatment based on race and retaliation. FedEx, a citizen of Delaware, removed the case to the Middle District of Florida based on diversity jurisdiction.

In his complaint, Reyes alleged that during his employment, he experienced racial slurs and harassment from other employees, with one employee in particular (McCoy) making demeaning comments toward Hispanic employees. Reyes asserted that he made an internal complaint of discrimination based on race because of the demeaning comments, and, within days of this complaint, FedEx launched an internal investigation against him about timecard falsification. Reyes did not allege that Burns, Pique, Settles, Coleman, or Vice-President Ricky Brock—all of whom were involved in the

termination and/or appeals process—ever made discriminatory or racially harassing comments to him or in his presence. Reyes stated that he informed FedEx that he did not falsify his timecard, but he may have entered the wrong code when completing the timecard. However, so he argued, FedEx terminated his employment in violation of the FCRA. FedEx later answered, denied liability, and asserted certain defenses. Following discovery, FedEx moved for summary judgment.

The district court granted FedEx's motion for summary judgment. Using the *McDonnell Douglas*[1] framework, it found that Reyes's retaliation and race discrimination claims failed because even if he successfully alleged prima facie cases, summary judgment was proper since he failed to rebut each legitimate, nonretaliatory or nondiscriminatory reason offered by FedEx. It stated that while Reyes did offer reasons that his termination due to timecard falsification was pretextual, Reyes failed to address the other two reasons for his termination. Additionally, as to his race discrimination claim, the district court found that Reyes failed to show a convincing mosaic of circumstantial evidence sufficient to survive summary judgment. It stated that Reyes presented no evidence that any other employee committed the same three violations and kept their job. Thereafter, Reyes timely appealed.

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

II.

We review summary judgment orders de novo, viewing the evidence in the light most favorable to the nonmoving party. *Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1056 (11th Cir. 2020). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Grange Mut. Cas. Co*, 958 F.3d. at 1057.

III.

The FCRA prohibits employers from either discriminating against employees or retaliating against them for complaining about illegal activity. *See* Fla. Stat. § 760.10(1)(a), (7). We analyze FCRA discrimination claims the same as ones brought under Title VII. *Holland v. Gee*, 677 F.3d 1047, 1054 n.1 (11th Cir. 2012). We likewise analyze FCRA retaliation claims the same as Title VII claims. *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1389 (11th Cir. 1998). On appeal, Reyes argues that the district court erred in granting summary judgment for FedEx as to (1) his race discrimination claim and (2) his retaliation claim. We disagree.

A.

Title VII bars an employer from firing an employee or discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment," because of his race. 42 U.S.C. § 2000e-2(a)(1). Without direct evidence, a claimant may show discrimination through circumstantial

evidence by satisfying the *McDonnell Douglas* burden-shifting framework. *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004). Where the plaintiff alleges discriminatory discharge, he can establish a prima facie case of discrimination by showing that he: (1) was a member of a protected class, (2) was qualified for his job, (3) suffered an adverse employment action, and (4) was replaced by someone outside the protected class. *Id.*

If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. *McDonnell Douglas*, 411 U.S. at 802. If the employer articulates one or more legitimate, nondiscriminatory reasons for its action, the plaintiff must show that the defendant's reasons were pretextual. *Id.* at 804. To show pretext, a plaintiff must specifically respond to the employer's proffered reason and produce evidence directly rebutting that reason. *Crawford v. City of Fairburn*, 482 F.3d 1305, 1309 (11th Cir. 2007). And "[i]f the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons." *Id.* at 1308. If the proffered reason is one that would motivate a reasonable employer, however, a plaintiff cannot simply quarrel with the wisdom of the employer's decision. *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000). A proffered reason cannot be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993). If the plaintiff fails to show pretext,

we will affirm the grant of summary judgment on that ground. *EEOC v. Total Sys. Servs.*, 221 F.3d 1171, 1177 (11th Cir. 2000).

The plaintiff need not rely exclusively on this test to establish his race discrimination claim. Instead of establishing the elements of the *McDonnell Douglas* framework, a plaintiff may defeat a summary judgment motion by presenting "a convincing mosaic" of circumstantial evidence that raises a reasonable inference that the employer intentionally discriminated against him. *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). However, the plaintiff must also show pretext under this alternative framework. *Jenkins v. Nell*, 26 F.4th 1243, 1250 (11th Cir. 2022).

FedEx asserted that it fired Reyes for these three reasons: (1) Reyes's falsification of his timecard, (2) his falsification of statements during the investigation into the timecard issue, and (3) riding while unauthorized in a company vehicle with another employee. The district court found that Reyes had admitted that he had committed the unauthorized riding offense and that, aside from the timecard falsification issue, Reyes had "completely fail[ed] to address the additional two reasons given for his termination." Consequently, the district court granted summary judgment to FedEx on Reyes's race discrimination claim because FedEx asserted legitimate, nondiscriminatory reasons for terminating him, and he failed to show that those proffered reasons were pretextual. We find that this was proper.

Unlike what Reyes argues in his brief, the district court did not base its decisions on erroneous factual conclusions. The district

court correctly determined that Reyes failed to object to two of FedEx's three proffered reasons. So even had Reyes established a prima facie case for race discrimination, he failed to demonstrate that FedEx's proffered reasons for terminating him were pretextual. While Reyes did contest FedEx's first proffered reason for terminating him—that he falsified his timecard—he did not contest the remaining two reasons—that he made false statements during the investigation and rode in a company vehicle with another employee when not authorized. Reyes's response to FedEx's motion for summary judgment did not contest the statements made by the FedEx officers to whom Reyes appealed his termination about Reyes making false statements during the investigation. Neither did his response contest FedEx's assertion that he had ridden in a company vehicle with another employee while unauthorized. Further, even in his appellate brief, Reyes does not directly argue that FedEx's proffered reason for termination of his unauthorized ride in a company vehicle with another employee was pretextual nor false. Accordingly, he could not show a genuine issue as to pretext because he did not meet head on and rebut each of FedEx's other proffered reasons for terminating him or show that those reasons were a ruse. *See* Fed. R. Civ. P. 56(a); *Crawford*, 482 F.3d at 1308.

Here, the district court relied on accurate factual conclusions in granting summary judgment for FedEx. Reyes failed to show FedEx's legitimate, nondiscriminatory reasons for Reyes's termination was pretextual under both the *McDonnell Douglas* and convincing mosaic frameworks. *Lewis v. City of Union City*,

934 F.3d 1169, 1185 (11th Cir. 2019). Accordingly, we affirm as to this issue.

### B.

Title VII's retaliation provision prohibits an employer from retaliating against an employee for opposing an employment practice made unlawful by this subchapter or for making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under this subchapter. 42 U.S.C. § 2000e-3(a). Title VII retaliation claims are also analyzed under the *McDonnell Douglas* framework. *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1162–63 (11th Cir. 1993). Under that framework, a plaintiff may establish a prima facie retaliation claim by showing that (1) he was engaged in statutorily protected activity, (2) he suffered a materially adverse action, and (3) there was a causal connection between the two events. *Id.* at 1163. If the plaintiff establishes the elements of a claim, the employer has an opportunity to articulate a legitimate, nonretaliatory reason for the challenged employment action as an affirmative defense to liability. *Id.* The plaintiff bears the ultimate burden of proving retaliation by a preponderance of the evidence and that the reason provided by the employer is a pretext for prohibited retaliatory conduct. *Id.*

To prove causation, an employee must show that the decisionmakers were aware of the protected conduct. *Shannon v. Bell-South Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002). Causation can also "be met by showing close temporal proximity between the statutorily protected activity and the adverse

employment action." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam).

Reyes argues that he established a prima facie claim of retaliation because he showed that, shortly after he made a good faith complaint to management about McCoy's harassment, FedEx terminated him (an adverse employment action). In response, FedEx argues that Reyes failed to establish a prima facie claim because he could not show that he was engaged in a protected activity causally related to his termination. FedEx explains that Reyes's initial complaint about McCoy did not constitute protected activity because Reyes did not mention her racially insensitive comments until after his termination; but even if it was, it was not causally related to his termination. FedEx states that its policies requiring termination for falsifying information or company documentation predated any alleged protected activity by Reyes, and his falsification was independent of any alleged protected activity. Further, FedEx asserts that it had legitimate, non-retaliatory reasons for Reyes's termination because he falsified his timecard, made false statements during the investigation, and rode in a company vehicle with another employee when not authorized. Reyes cannot establish pretext here, FedEx argues, because he failed to show any weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions concerning those reasons.

Here, as discussed above, Reyes failed to show that FedEx's legitimate, nondiscriminatory reasons for terminating him were pretextual—this dooms his retaliation claim. *Goldsmith*, 996 F.2d

12                    Opinion of the Court                    21-12639

at 1163. FedEx proffered that it initiated the investigation into Reyes for the potential company policy violations because another employee alerted FedEx management about his activity. While Reyes asserted that this investigation resulted from his initial complaint against McCoy, he failed to directly rebut FedEx's assertion that it instead resulted from his fellow employee's complaint. Therefore, he failed to show that this legitimate, nondiscriminatory reason was weak, implausible, inconsistent, incoherent, or contradictory, and thus, he failed to show FedEx's reason was pretext for retaliation. *Tolar v. Bradley Arant Boult Commings, LLP*, 997 F.3d 1280, 1298 (11th Cir. 2021). After all, to show that a proffered reason is pretext for retaliation, he must "show[] *both* that the reason was false, *and* that retaliation was the real reason." *Id.* Additionally, while it is unclear whether the convincing mosaic framework can be applied to retaliation claims,[2] because a plaintiff must also show pretext under this framework, Reyes's claim for retaliation fails under this framework. *Lewis*, 934 F.3d at 1185.

---

[2] We have yet to decide in a published decision whether retaliation claims can survive summary judgment under a convincing-mosaic theory. *Compare James v. City of Montgomery*, 823 F. App'x 728, 735 (11th Cir. 2020) (per curiam) ("[a]ssuming, *arguendo*, but not deciding, that retaliation claims can survive summary judgment under a convincing-mosaic theory"), *with Calvert v. Doe*, 648 F. App'x 925, 929 (11th Cir. 2016) (per curiam) (concluding that the plaintiff "has established 'a convincing mosaic of circumstantial evidence' that would permit a jury to infer that the county retaliated against him because of his previous lawsuit").

21-12639              Opinion of the Court                13

Accordingly, Reyes's retaliation claim fails, and we affirm as to this issue.

IV.

We find that Reyes failed to show that the reasons proffered by FedEx for either his termination or for initiating the investigation resulting in the termination were pretext for retaliation or race discrimination. Accordingly, the district court did not err in granting summary judgment to FedEx on Reyes's FCRA claims.

**AFFIRMED.**