[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-11936

Non-Argument Calendar

————————————————

JESSICA IVEY,

Plaintiff-Appellant,

*versus*

CRESTWOOD MEDICAL CENTER,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:21-cv-01053-CLS

————————————————

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Jessica Ivey, an Asian woman, sued her employer, Crestwood Medical Center, alleging various forms of discrimination. She alleged (1) discriminatory discharge under 42 U.S.C. § 1981; (2) racially hostile work environment under Title VII; (3) hostile work environment under 42 U.S.C. § 1981; (4) retaliation under Title VII; and (5) retaliation under 42 U.S.C. § 1981.

The district court granted summary judgment to Crestwood on all counts. The court found that Ivey had not established a prima facie case of racial discrimination because she had not identified a similarly situated employee who was treated more favorably. She also had not presented evidence sufficient to establish a case of hostile work environment because she only alleged one isolated racial remark. Finally, she did not establish a case of retaliation because she could not show causation between her protected activity and termination.

We review de novo a district court's grant of summary judgment. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). We can affirm the district court's judgment on "any basis supported by the record, regardless of whether the district court decided the case on that basis." *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019).

On appeal, Ivey argues that the district court erred because, first, it erred in concluding that she failed to make a prima facie case of race discrimination.  Next, she argues that she presented evidence of severe and pervasive discrimination due to her race. And third, she argues that she did show causation because a close temporal proximity existed between her protected activity and her termination.  Alternatively, she argues that her drug screening was a materially adverse action taken in retaliation for her protected conduct.  None of Ivey's arguments are persuasive.

*First*, Ivey's claim of discriminatory discharge fails because, regardless of whether she made out a prima facie case of discrimination, she did not present any evidence that Crestwood's race-neutral reason for her termination was pretextual.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973); *Tynes v. Florida Dep't of Juv. Just.*, 88 F.4th 939 (11th Cir. 2023).  Crestwood tried to reach a compromise with Ivey; it emailed and called her multiple times, offered her other positions at the hospital with the same or higher pay, and yet she declined every offer.  That refusal to return to a normal schedule was a legitimate, nondiscriminatory reason to terminate Ivey's employment with Crestwood, and Ivey has not presented any evidence to the contrary.  She does not even argue in her brief that this explanation was pretextual, let alone that Crestwood's proffered reason was both false and that the true reason was discriminatory.  *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993).  In short, Ivey has not shown that there is a genuine dispute that Crestwood terminated her employment on account of her race.

*Second*, Ivey's claim of hostile work environment fails because she has not presented evidence that the alleged harassment she suffered was sufficiently severe or pervasive to support this kind of claim. A workplace is considered "hostile" when it is "permeated with discriminatory intimidation, ridicule, and insult," that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quotations omitted). Even if offensive or racially derogatory, "sporadic and isolated" comments are not enough to create a hostile work environment. *See McCann v. Tillman*, 526 F.3d 1370, 1379 (11th Cir. 2008). Here, Ivey has only presented a single incident of an inappropriate comment about her race; her supervisor allegedly told her that the "China virus is from your people." Other than that, she alleges that this supervisor told other nurses not to help her, told Ivey to "shut it," scheduled Ivey's lunch breaks, and slapped Ivey on the bottom once. These secondary allegations do not show a racial motive, nor do the allegations in combination rise to the level of severity required to plausibly demonstrate a hostile work environment.

*Third*, Ivey's retaliation claim fails because she did not show causation between her protected activity and any adverse employment action she suffered. To make out a prima facie case of retaliation, Ivey must show (1) "that she engaged in statutorily protected activity," (2) "that she suffered an adverse action," and (3) "that the adverse action was causally related to the protected activity." *Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 967 F.3d 1121,

1134 (11th Cir. 2020) (en banc) (quotations omitted). Although temporal proximity can be used to create a genuine issue of material fact as to the causation element of retaliation, "mere temporal proximity, without more, must be very close." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (quotation omitted). Here, Ivey's protected activity took place on June 12, 2020, but Crestwood did not terminate her until September 3, 2020. That nearly-three-month gap is insufficient by itself to create a triable issue of fact about whether Crestwood terminated her because of her protected activity.

Alternatively, Ivey argues that Crestwood retaliated against her by subjecting her to drug screening on the same day that she reminded decisionmakers of her discrimination complaint. An action is materially adverse if it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quotations omitted). It must be significant, not merely "petty slights or minor annoyances." *Id.* Ivey's drug test did not rise to the requisite significance to constitute a materially adverse employment action. Her drug test came back clean, she only missed three days of work, and she was fully compensated for that missed time. In short, she suffered no tangible harm, but the antiretaliation law only protects an individual "from retaliation that produces an injury or harm." *Id.* at 67. And even if being subject to drug screening were an adverse employment action, Crestwood offered a legitimate reason for the drug test—Ivey's colleagues reported erratic, unsafe, paranoid behavior, and

evidence of drug miscounts.  Ivey did not present any evidence that this explanation was false and that the true reason was retaliatory.

The judgment of the district court is therefore **AFFIRMED**.