[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 23-12372

Non-Argument Calendar

————————————

SANDRA CURET,

Plaintiff-Appellant,

*versus*

ULTA SALON, COSMETICS & FRAGRANCE, INC.,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-01801-VMC-TGW

————————————

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Sandra Curet appeals the district court's judgment in favor of her former employer, Ulta Salon, Cosmetics, and Fragrance, Inc. (Ulta), as to her retaliatory hostile work environment claim brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e. Curet asserts the district court erred by granting Ulta's Federal Rule of Civil Procedure 50(a) motion for judgment as a matter of law because she offered sufficient evidence for a jury to infer causation. After review, we affirm the district court.

## I. BACKGROUND

Curet began work as a stylist at an Ulta retail store in April 2018. Zan Oliva was Curet's immediate supervisor from March 2019 to October 2019, and was the relevant decisionmaker for purposes of Curet's retaliatory hostile work environment claims, as her actions formed the basis for Curet's claims. The causation issue presented is whether there was sufficient evidence for a reasonable jury to find Oliva was aware of Curet's complaints of race discrimination, retaliation, and harassment at the time of the alleged adverse actions. We will detail the facts helpful to our analysis of this issue.

The parties stipulated to certain facts, including the following. On March 4, 2019, April 11, 2019, May 30, 2019, June 30, 2019, and August 27, 2019, Curet made hotline complaints asserting race discrimination, retaliation, and harassment. Following each

complaint either District Manager Meghan Lanza or Associate Relations Specialist Emma Leliefeld spoke with Curet to investigate her concerns. Other than her sister, Curet did not tell any other Ulta employees that she had made complaints of discrimination, harassment, or retaliation. Curet's retaliatory hostile work environment claim was limited to three incidents in August and September 2019 involving Oliva and Store Manager Tammy Parsons. Specifically, (1) Curet was asked to leave work on August 17, 2019; (2) Curet was asked to mop the floor on September 13, 2019; and (3) Oliva and Parsons spoke with Curet about her overuse of a hair product on September 18, 2019.

In Ulta's motion for summary judgment on Curet's retaliatory hostile work environment claim, Ulta argued, *inter alia*, that Curet had failed to offer evidence the relevant decisionmaker, Oliva, knew of her complaints. It contended Curet had not established she suffered a materially adverse action because of her protected activity and averred that it had offered legitimate reasons for the alleged harassment. Ulta attached several exhibits to its motion, including the declaration of Oliva, in which she stated she was "not aware of any complaints from Sandra Curet regarding any race discrimination, harassment, or retaliation while she was employed at Ulta."

Curet responded, arguing that several material disputed facts rendered summary judgment inappropriate. Curet attached several exhibits to her response, including a June 10, 2019, email from Lanza to Leliefeld, which stated: "On Wednesday 6/5 at 2:15

pm, I sat down with [Curet] and had Kim Amadon and [Oliva] present with us. We addressed all of [Curet's] concerns and specifically dug into her feelings that three clients were being moved and taken from her book."

The district court denied summary judgment as to Curet's retaliatory hostile work environment claim. The court found that a factual dispute existed as to whether Oliva was aware of Curet's complaints. The court noted the June 10 email, which indicated Oliva may have been aware as of that date. The court contrasted this with Oliva's declaration that she was not aware of Curet's complaints while employed at Ulta.

Ulta filed a motion for reconsideration, arguing that Oliva was unaware of Curet's protected activity. The court denied the motion, explaining "being asked to meet with the District Manager regarding a subordinate could indicate to someone in Ms. Oliva's position that protected activity had occurred," and that "a jury could infer [Oliva's] knowledge based on these circumstances."

The case proceeded to trial. Curet testified that on April 11, 2019, she made a complaint to the ethics hotline. She explained that Lanza had discussed the complaint with her and elaborated that: "I remember seeing the first complaint—I don't remember her last name, Rakeem (phonetic). Also after one or two hour discuss some issues." When asked to clarify whom else she spoke to about the complaint, she reiterated that she had spoken with Lanza. Curet stated she had also complained on May 30, 2019, and had spoken with Lanza about this complaint as well.

Ulta called Lanza, who testified that she did not tell Parsons or Oliva that Curet had made hotline complaints nor that she was investigating Curet's complaints. Ulta also called Oliva, who testified that she did not have any in-person meetings with Curet, Parsons, or Lanza to discuss any complaints.

At the close of evidence, Ulta moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). After listening to the parties' arguments, the district court reserved ruling on the motion until the case went to the jury, noting that Ulta had "made some good points" in its argument.

Specifically, Ulta argued Curet had not produced evidence from which a reasonable juror could conclude she had suffered a materially adverse employment action or that any such action was because of her protected activity. It specifically argued Curet had not shown that Oliva had any knowledge of her protected activity. Curet's counsel argued: "Curet testified that Ms. Oliva was present at those two—at least two of those—two meetings where Ulta management was there with her, and she discussed the complaints." The court responded by stating: "Tell me what her testimony was because I'm not certain I heard that much of an elaboration in the testimony." Curet argued she had testified that Oliva was present at the meeting, while Ulta contended otherwise.

The jury returned a verdict in Curet's favor and awarded her $20,000 in compensatory damages. The jury later determined that punitive damages in the amount of $40,000 should be awarded in Curet's favor. Ulta renewed its motion for judgment as a matter

of law, pursuant to Federal Rule of Civil Procedure 50(a), and alternatively sought judgment as a matter of law, under Rule 50(b). It argued that Curet had not shown that Oliva had actual knowledge of any protected activity.

Curet responded, arguing the record was unclear as to one of the identities of the individuals present at the April 11 meeting due to a transcription error. Ulta replied that Curet had repeatedly testified about the first and last names of Oliva and Parsons, which made clear that "Rakeem," whose last name she could not recall, was not them. It also noted that, when counsel asked Curet to repeat her answer, she stated that she had discussed the complaint with Lanza.

The district court granted Ulta's motion for judgment as a matter of law. The court first noted that Oliva was the relevant decisionmaker because, although Parsons also issued the final warning on September 14, 2019, Parsons became aware of Curet's complaints on April 12, 2019. The court explained this five-month disparity between the statutorily protected action and the adverse employment action was insufficient to show causation. The court explained that, although its summary judgment and reconsideration orders noted that evidence concerning the June 5, 2019, meeting could create an inference of Oliva's knowledge, Curet did not develop this evidence at trial. The court stated, as for the May 30 complaint, Curet testified that she had only spoken with Lanza, and did not state that she had discussed the complaint with Oliva at any point. Additionally, Oliva never referenced the June 5, 2019,

meeting in her testimony and counsel never inquired as to whether such a meeting occurred.  The court highlighted Lanza's testimony that she had not discussed Curet's complaints with other employees.  It concluded that, because Curet had failed to present evidence from which the jury could have found Oliva was at any meetings regarding Curet's complaints, the jury could not have reasonably inferred Oliva was aware of Curet's protected activity.  Curet did not establish causation, instead relying on "impermissible speculation."  Thus, the court granted Ulta's motion.

## II.  DISCUSSION

"Title VII prohibits the creation of a hostile work environment in retaliation for an employee's engagement in protected activity."  *Tonkyro v. Sec'y, Dep't of Veterans Affs.*, 995 F.3d 828, 835 (11th Cir. 2021).  A plaintiff can establish a *prima facie* case of retaliatory hostile work environment by showing: (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action; and (3) she established a causal link between the protected activity and the adverse action.  *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Meeks v. Comput. Assocs. Int'l.*, 15 F.3d 1013, 1021 (11th Cir. 1994).

The causal link element for a *prima facie* case is construed broadly, and a plaintiff merely must show "the protected activity and the negative employment action are not completely unrelated."  *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).  "As a starting point for any retaliation claim, a plaintiff needs to show (among other things) that the decisionmaker actually

knew about the employee's protected expression." *Martin v. Fin. Asset Mgmt. Sys., Inc.*, 959 F.3d 1048, 1053 (11th Cir. 2020). "That awareness, like most issues of fact, can be established through circumstantial evidence—but not by unsupported inference." *Id.* "[A] jury finding that a decisionmaker was aware of an employee's protected conduct must be supported by reasonable inferences from the evidence, not mere speculation." *Id.* (quotation marks omitted).

The district court did not err in granting Ulta's renewed motion for judgment as a matter of law because there was not a legally sufficient evidentiary basis for a reasonable jury to find for Curet. *See Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000) (reviewing *de novo* a district court's grant of a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50). As an initial matter, Oliva was the relevant decisionmaker, as her actions formed the basis for Curet's retaliatory hostile work environment claim.[1] Curet failed to offer evidence sufficient for a reasonable jury to find Oliva was aware of her complaints at the time of the

---

[1] Parsons also issued the final warning on September 14, 2019. However, Parsons became aware of Curet's protected activity on April 12, 2019. This five-month disparity between the statutorily protected action and the adverse employment action is not enough absent other evidence of causation. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (explaining absent "other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law," and a three-to-four-month disparity between the statutorily protected action and the adverse employment action is not enough evidence, without more, to show causation).

alleged adverse actions. *See Martin*, 959 F.3d at 1053. Curet failed to introduce the evidence—including the June 10, 2019, e-mail—that led the court to deny Ulta's motion for summary judgment as to the retaliatory harassment claim. Instead, Curet testified she spoke with Lanza about her complaints and did not provide any testimony that Oliva was at any meetings regarding her complaints. Additionally, Oliva testified that she did not have any in-person meetings with Curet, Parsons, or Lanza to discuss any complaints. Lanza also testified that she did not tell Oliva that Curet had made hotline complaints nor that she was investigating Curet's complaints. Curet relied on "mere speculation" that Oliva was aware of her complaints, which is not enough. *See id.*

Curet's contention that transcription errors created ambiguity in her testimony is unpersuasive. Although Curet's initial testimony regarding a person named "Rakeem" could have arguably included a transcription error, counsel asked Curet to clarify her answer. Curet then stated she had discussed the complaint with Lanza and made no mention of anyone else. Therefore, Curet failed to present evidence to the jury of a causal link between her protected activity and the hostile work environment. *See id.*

Because Curet did not present legally sufficient evidence upon which a reasonable jury could find for her, the district court did not err in granting Ulta's renewed judgment as a matter of law, and we affirm. *See Home Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1320 (11th Cir. 2016) (stating a court should enter a judgment as a matter of law only when there is no legally

sufficient evidentiary basis for a reasonable jury to find for the non-moving party).

**AFFIRMED.**